# Exhibit B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SURGICAL CARE AFFILIATES, LLC<br>and SCAI HOLDINGS, LLC | Criminal No. 3:21-cr-00011-L |

**PROTECTIVE ORDER**

Before the court is the Government's Unopposed Motion for a Protective Order Governing Disclosure of Discovery Materials (Doc. 18), filed January 25, 2021. The court finds that good cause has been established to restrict discovery in this case. The court believes that a protective order is a reasonable measure that protects the rights of Defendants, the public, and witnesses involved in the case. Accordingly, the court **grants** the motion. Pursuant to Rules 16(d) and 49.1 of the Federal Rules of Criminal Procedure and the inherent authority of this court, it is hereby **ordered**:

That any discovery materials (or copies thereof) provided by the Government to the defense (regardless of when such materials were produced):

    a.    will be considered "Confidential Information" and labeled "Confidential Subject to Protective Order";

    b.    are not to be discussed with, nor disclosed to, anyone other than:

        1.    corporate representatives of the named Defendants that are necessary to the companies' defense (collectively referred to herein as "Defendants",

        2.    defense counsel of record, and staff of defense counsel of record, including investigators, paralegals, expert witnesses, and other contracted agents associated with the attorneys of record for purposes of defense preparation for this criminal case

        or any appeal regarding this criminal case (collectively referred to herein as "defense counsel"), and

3. witnesses or their counsel (collectively "witnesses") for this criminal case or any appeal regarding this criminal case,

for use solely in connection with this criminal case;

c. will not be copied, except to the extent needed as exhibits for trial, pretrial hearings, or pleadings, or as defense counsel's working copies;

d. will not be provided to or kept by the Defendants, except that defense counsel may share copies with Defendants for use solely in connection with this criminal case (including any appeal), provided that Defendants do not retain copies of the Confidential Information for a longer period than is necessary for this criminal case;

e. will not be provided to or kept by a witness, except that defense counsel may show discovery to a witness provided that the witness does not retain a copy of the Confidential Information;

f. will not be attached to any public filings with the court or introduced at trial by Defendants or defense counsel without prior notice to the United States so that the United States may seek an additional order sealing or redacting the documents and information contained therein from public disclosure as necessary; however, nothing in the Protective Order alters the obligations to redact any PII in the Confidential Information in accordance with Federal Rule of Criminal Procedure 49.1; and

g. shall not be disseminated or disclosed by the defendants, defense counsel, or any agents thereof, to anyone other than this court, the parties to this case, or witnesses as provided in this Protective Order, including a prohibition on disseminating or disclosing any information contained within Confidential Information.

Prior to providing discovery to persons listed in section (b) of this Protective Order, Defendants or defense counsel are required to provide a copy of this Protective Order to the person receiving discovery and obtain written acknowledgment that that person is bound by the terms and

conditions of the Protective Order. The written acknowledgment may be made by electronic means, including by email reply, and it need not be disclosed or produced to the Government unless ordered by the court. In addition, any attorney of record who is retained or appointed to represent a defendant or who is later relieved of representation of a defendant is bound by the terms of this Protective Order unless excused from its terms by the court.

Defendants and defense counsel shall use reasonable care to ensure that the Confidential Information is not disclosed or disseminated to any third parties in violation of the Protective Order. In the event of an inadvertent disclosure of Confidential Information, Defendants or defense counsel shall, within three days of learning about the inadvertent disclosure, notify the United States that an inadvertent disclosure occurred. Defendants or defense counsel shall use all reasonable efforts to secure the return or destruction of the inadvertently disclosed Confidential Information. If, after five days from the date the United States was notified about the inadvertent disclosure, Defendants or defense counsel are unable to secure the return or destruction of the inadvertently disclosed Confidential Information, they shall promptly notify the United States as to the identity of the recipient of the inadvertently disclosed Confidential Information.

Nothing in this Protective Order shall restrict or prevent Defendants or defense counsel from disclosing to any entity or person, or their counsel, documents that the entity or person had access to in the ordinary course of business.

All Confidential Information turned over to Defendants and defense counsel, any copies made thereof, and any documents reflecting information contained within Confidential Information, shall be returned to the United States or destroyed within 30 days after this case is disposed of by trial, appeal, or other resolution of the charges against Defendants. In the event Defendants or defense counsel destroy all copies, they shall certify the destruction in writing to

the United States within the 30-day period. Defense counsel will be permitted to retain their own work product, notwithstanding that it may reflect information contained within Confidential Information, and documents filed with or obtained from the court (subject to any other restrictions imposed by the court), provided that Confidential Information itself will not be retained, and any documents that reflect information contained within Confidential Information will continue to be governed by the terms of this Protective Order.

**It is so ordered** this 28th day of January, 2021.

_____
SAM A. LINDSAY
UNITED STATES DISTRICT JUDGE