**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. DAVITA INC.,

2. KENT THIRY,

        Defendants.

---

**DEFENDANTS' UNOPPOSED MOTION FOR AN ENDS OF JUSTICE EXCLUSION OF 231 DAYS FROM THE SPEEDY TRIAL CALENDAR PURSUANT TO TITLE 18, UNITED STATES CODE, SECTIONS 3161(h)(7)(A) AND (B)(i), (ii), and (iv)**

---

Defendants DaVita, Inc. and Kent Thiry, by and through their respective counsel, respectfully move this Court for an Order: (1) making an ends of justice finding pursuant to Title 18, United States Code, Section 3161(h)(7)(A); and (2) excluding 231 days from the speedy trial calculation pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(i)-(iv). In support of said Motion, Defendants state as follows:

**FACTUAL BACKGROUND**

1. On July 14, 2021, the Grand Jury indicted Defendants DaVita, Inc. and Kent Thiry on two counts of conspiracy in restraint of trade to allocate employees, in violation of Title

1

15 U.S.C. § 1 (Doc. 1).

2.     On July 20, 2021, Defendants appeared for the Initial Appearance, Arraignment, and Discovery Hearing, at which time Defendants entered pleas of not guilty to the indictment.

## LEGAL AND FACTUAL GROUNDS FOR MOTION

3.     Title 18 U.S.C. § 3161(h), provides in relevant part:

"The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence:"

(7)(A) Any period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel, or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

4.     The Speedy Trial Act serves two distinct interests: first, to protect a defendant's right to a speedy indictment and trial, and second, to serve the public interest in ensuring prompt criminal prosecutions. *United States v. Williams*, 511 F.3d 1044, 1047 (10th Cir. 2007). The Act requires that a defendant's trial commence within 70 days after his indictment or initial appearance, whichever is later. *See* 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded and do not count toward the 70-day limit. See 18 U.S.C. § 3161(h)(1)-(8). Specifically, "the Act excludes any period of delay 'resulting from a continuance granted by any judge . . . on the basis of its findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.'"

5.     For a continuance to qualify as an excludable "ends-of-justice" continuance under

§ 3161(h)(7)(A), certain prerequisites must be satisfied.  First, the Court must consider the following factors listed in § 3161(h)(7)(B)(i) - (iv):

(i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice;

(ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Act]; . . .[and]

(iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

6. The Court must then set forth, on the record, either orally or in writing, the reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial.

7. This case involves allegations of agreements regarding solicitation of senior-level employees spanning a period of five years involving Defendants and two other companies, and raises novel issues of law.  Defense counsel respectfully suggest to the Court that the above-referenced case is complex under Title 18, United States Code, Section 3161(h)(7)(B)(ii) and (iv) due to the subject matter, scope of the alleged antitrust violations, novel issues of law, and the anticipated volume of discovery.  To defend against a charge of illegal restraint of trade in violation of Title 15, U.S.C., Section 1, defense counsel must analyze—among other things--all aspects of the labor market for senior-level employees, and the relationships of the alleged co-

conspirators with one another and with their senior-level employees.

8. Moreover, Defendants anticipate there will be significant factual discovery. Much of the much of the evidence will consist of voluminous records which have yet to be produced by the Government which Defendants and their counsel will need to analyze, perhaps with the assistance of expert witnesses. The Government has noted that its production will total approximately 1.5 million documents, which in the experience of defense counsel is likely to amount to at least three to four million pages.

9. Counsel will require sufficient time to review the discovery materials, evaluate the Government's case against Defendants, formulate and execute defense investigation, develop a robust defense case-in-chief, discuss the case with their clients, draft any necessary pretrial motions, and prepare for a potential jury trial.

10. It is reasonably foreseeable that defense counsel will need at least 231 days to review the discovery material and prepare for pretrial motions or other pretrial matters, including substantive motions.

11. Counsel also anticipate potentially engaging defense experts in this case, who will require adequate time to review and evaluate the discovery materials and consult with counsel regarding their opinions of the case.

12. Under the circumstances, Defendants and their counsel believe that it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself by the prosecution or the defense, within the normal time limits established by Title 18, United States Code, Section 3161.

13. Simultaneously with this unopposed motion, the parties are submitting to the

Court a proposed schedule for proceedings in this case that contemplates trial commencing on March 28, 2022, a date well outside the 70-day Speedy Trial period. That schedule is appropriate, necessary and consistent with the guidance provided in *United States v. Toombs,* 574 F.3d 1262 (10th Cir. 2009), which sets out additional factors to be considered regarding trial continuances and exclusion of time under to Title 18 U.S.C. § 3161(h)(1) and (7)(A):

  a) **Whether a failure to grant the continuance would result in a miscarriage of justice,** *see* 18 U.S.C. § 3161(h)(7)(B)(I). Counsel for Defendants anticipate receiving voluminous discovery. Accordingly, the defense believes a miscarriage of justice would occur if the Defendants were forced to proceed to trial under the current time limitations without adequate time for counsel to properly review all of the discovery and potentially consult with defense experts regarding their opinions.

  b) **Whether a failure to grant the continuance would deny counsel for the Defendants reasonable time necessary for effective preparation, taking into account the exercise of due diligence**, *see* 18 U.S.C. § 3161(h)(1)(A). Failure to grant a continuance in this case would unreasonably deny counsel for the Defendants the time necessary to review discovery, confer with defense expert witnesses, effectively advise their respective clients as to their options, undersigned counsel's best professional advice regarding the best course of action, and effectively prepare for trial.

  14. In further support of this motion, the Defendants address the factors articulated in *United States v. West*, 828 F.2d 1468, 1449-70 (10th Cir. 1987). First, the parties are exercising ongoing diligence in collecting, organizing, and producing the evidence in this case. If this

motion is granted, it is likely that the continuance will accomplish the purposes underlying the need for the continuance.   Namely, the defense will have an opportunity to diligently review the discovery, determine what, if any, defenses their clients may have, conduct any necessary investigation, and file any necessary discovery and/or suppression motions once they have reviewed the discovery.  Second, such a continuance will not inconvenience the parties or witnesses, and allowing the defense sufficient time to review and digest the evidence would save judicial resources by allowing the parties the time necessary to prepare for an efficient trial of this matter.  Third, without the requested continuance, the Defendants would be prejudiced because proceeding under the normal time limits would deny counsel for the Defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

15. Defendants and their counsel respectfully assert that the failure to grant such a continuance in this case would deny counsel for the Defendants reasonable time necessary for effective preparation, taking into account the exercise of due diligence, pursuant to Section 3161(h)(7)(B)(iv).  Defendants believe that 231 days of excludable speedy trial time is required at this stage to permit the parties to become familiar with the underlying allegations and evidence.  Defendants will work vigorously to avoid any delays and have a profound interest in maintaining the parties' stipulated-to March 2022 trial date.

16. Defense counsel has conferred with the Government and, while the Government disagrees that this case raises novel issues of law and Defendants' other characterizations about the Government's case, it does not oppose a 231-day exclusion for the ends of justice.

WHEREFORE, Defendants DaVita, Inc. and Kent Thiry, by and through their respective

counsel, respectfully request that the Court issue an Order: (1) making an ends of justice finding pursuant to Title 18, United States Code, Section 3161(h)(7)(A); and (2) excluding 231 days from the speedy trial calculation pursuant to Title 18 United States Code, Section 3161(h)(7)(B)(i) - (iv).

Respectfully submitted this 10th day of August, 2021.

*/s/ Cliff Stricklin*
Cliff Stricklin
**King & Spalding**
1401 Lawrence Street, Suite 1900
Denver, CO 80202
Telephone: (720) 535-2327
E-mail: cstricklin@kslaw.com

*/s/ Jeffrey Stone*
Jeffrey Stone
Daniel Campbell
**McDermott Will & Emery LLP**
444 W Lake St.
Chicago, IL 60606
Telephone: (312) 984-2064
Fascimile: (312) 984-7700
Email: jstone@mwe.com
Email: dcampbell@mwe.com

*Attorney for Defendant Kent Thiry*

*s/ John Walsh*
John Walsh
Heather S. Nyong'o
Daniel Crump
**Wilmer Cutler Pickering Hale and Dorr LLP**
1225 17th Street, Suite 2600
Denver, CO 80202
Telephone: (720) 274-3135
Facsimile:   (720) 274-3133
E-mail: john.walsh@wilmerhale.com
E-mail: heather.nyong'o@wilmerhale.com
E-mail: daniel.crump@wilmerhale.com

*s/ John Dodds*
John Dodds
Clay Everett
**Morgan Lewis & Bockius LLP**
1701 Market St.
Philadelphia, PA 19103-2921
Telephone: (215) 963-4942
Fascimile: (215) 963-5001
E-mail: john.dodds@morganlewis.com
Email:  clay.everett@morganlewis.com

*Attorneys for Defendant DaVita Inc.*

## CERTIFICATE OF SERVICE

I certify that on August 10, 2021, I filed this document with the Clerk of the Court for the United States District Court for the District of Colorado using the CM/ECF system, which will serve this document on all counsel of record.

        *s/ John Walsh*
        John Walsh