IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-00229-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAVITA INC.,
2. KENT THIRY,

    Defendants.

---

**UNITED STATES' UNOPPOSED MOTION FOR A PROTECTIVE ORDER
GOVERNING DISCLOSURE OF DISCOVERY MATERIALS**

---

Pursuant to Rules 16(d)(1) and 49.1(e) of the Federal Rules of Criminal Procedure, the United States files this Unopposed Motion for a Protective Order Governing Disclosure of Discovery Materials. The United States previously filed a Motion for a Protective Order Governing Disclosure of Discovery Materials on August 10, 2021. *See* ECF No. 31. Subsequent to that filing, the Parties have reached a compromise on the terms of a revised proposed Protective Order. Accordingly, the United States submits this unopposed motion, and its previous motion is now moot.

The United States has readied the bulk of its anticipated discovery for production to Defendants and stands ready to produce it pursuant to an appropriate protective order. Given the nature of the charges and anticipated discovery, a protective order is necessary in this case. Defendants DaVita Inc. and Kent Thiry, DaVita's former CEO, are charged with two counts of violating the Sherman Antitrust Act, 15 U.S.C. § 1, by conspiring with DaVita's competitors to refrain from soliciting employees. As a result of

1

these allegations, the discovery that the United States plans to produce includes employee personally identifying information (PII), including social security numbers and addresses, employee salary information, and confidential business information, among other types of sensitive information.

For the reasons set forth below, the Court should enter the unopposed proposed order.

## BACKGROUND

On July 14, 2021, a federal grand jury in this district indicted Defendants DaVita Inc. and Kent Thiry, the former CEO of DaVita, charging them with two counts of conspiring with other competing employers to suppress competition between them by agreeing to employee non-solicitation agreements, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.  The indictment alleges that each conspiracy was a per se unlawful restraint of interstate trade and commerce.  Count 1 alleges a conspiracy between Defendants and the related companies Surgical Care Affiliates, LLC and SCAI Holdings, LLC (collectively, SCA).  Indict. ¶¶ 1-10.

A grand jury sitting in the Northern District of Texas previously indicted SCA this year, charging them with two counts of conspiring to violate Section 1 of the Sherman Act.  ECF No. 1, *United States v. Surgical Care Affiliates, LLC, et al.*, No. 3:21-cr-00011-L (N.D. Tex. Jan. 5, 2021).  Count 1 against Defendants here charges the same conspiracy as that charged against SCA in Count 2 in the Northern District of Texas.[1]

---

[1] The conduct charged in Count 2 against Defendants here involves a company and alleged co-conspirators that are not related to SCA, and the conduct charged in Count 1 against SCA in the Northern District of Texas involves a company and alleged co-conspirators that are not related to DaVita.  The charges against Defendants DaVita and Thiry are properly venued in the District of Colorado, the headquarters location of

2

The parties to the *Surgical Care Affiliates* matter submitted to the Court an agreed protective order that is materially the same as what the government proposed to Defendants Thiry and DaVita. On January 28, 2021, the Hon. Sam A. Lindsay entered that order, which is attached hereto as Exhibit B.[2]

## ARGUMENT

This Court has express authority to enter protective orders to govern criminal discovery. Fed. R. Crim. P. 16(d)(1) ("At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief."); *see also* Fed. R. Crim. P. 49.1(e) ("For good cause, the court may by order in a case: (1) require redaction of additional information; or (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court."). Indeed, "[a] trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect." *Alderman v. United States*, 394 U.S. 165, 185 (1969). Rule 16(d) "gives district courts the discretion to determine the circumstances 'under which the defense may obtain access to discoverable information.'" *United States v. DeLeon*, 428 F. Supp. 3d 716, 756 (D.N.M. 2019) (quoting *In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93, 122 (2d Cir. 2008)). The Rule "is 'permissive' and gives district courts the ability to 'limit or otherwise regulate discovery pursuant to Rule [16(d)(1) ].'" *Id.* (quoting *United States v. Delia*, 944 F.2d 1010, 1018 (2d Cir. 1991)).

---

DaVita while Mr. Thiry was its CEO during the charged time periods.
[2] The proposed Protective Order here differs only with respect to modifications requested by Defendants during the meet and confer process and an additional provision added by the United States to address concerns over civil discovery that arose after follow-on civil litigation was filed.

The potentially discoverable material in this case is voluminous, at least a million-and-a-half documents, and replete with confidential information. The bulk of potentially discoverable material consists of grand jury returns from subpoenas issued to multiple companies, including competitors of DaVita and SCA. The subpoena returns and other potentially discoverable information includes documents containing PII, including social security numbers, dates of birth, and other protected information, some individually identifiable health information, and confidential business information, including financial records that contain payment records and account numbers, salary information, competitively-sensitive business information, and other sensitive personal and confidential business information. The potentially discoverable material also includes material pertinent to the United States' ongoing investigation. Redacting the PII and sensitive information from all of these documents is overly burdensome and may not be possible.

To facilitate the timely resolution of the case, the United States intends to go beyond its discovery obligations by making the vast majority of the discovery available unredacted on encrypted media, but seeks to ensure that the confidential information and PII in this case will be adequately protected. The United States' encrypted media will enable defense counsel to securely access the discovery and allow them to make copies of the discovery if they so choose. If any party wishes to use a document as an exhibit to a motion or at trial, that party would be responsible for complying with the Court's rules regarding protecting PII by redacting the document and/or seeking leave to file the document under seal.

Accordingly, to safely and timely facilitate the discovery in this case, the United States seeks the proposed Protective Order. While the Defendants do not agree with every characterization of the case in the government's motion, they do not object to the proposed order.

## CONCLUSION

The United States requests that the Court enter the unopposed proposed Protective Order limiting the disclosure of discovery materials in this case as articulated in the proposed Protective Order, and determine that the United States' August 10, 2021 motion is now moot. The United States believes these proposed restrictions constitute the least restrictive measures available to protect the various interests involved in this case, including the Defendants' interest in full and efficient discovery. The compelling interests of protecting PII, personal health information, social security numbers, financial records, dates of birth, and sensitive information by preventing disclosure of this information to third parties constitutes good cause to enter the requested Protective Order.

By: s/ William J. Vigen
William J. Vigen
Megan S. Lewis
Anthony W. Mariano
Trial Attorneys
U.S. Department of Justice, Antitrust Division
Washington Criminal II Section
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: 202-598-8145 / 202-353-2411 / 202-598-2737
FAX: 202-514-9082
E-mail: william.vigen@usdoj.gov
E-mail: megan.lewis@usdoj.gov
E-mail: anthony.mariano@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on August 13, 2021, I filed this document with the Clerk of the Court for the United States District Court of Colorado using the CM/ECF system, which will serve this document on all counsel of record.

s/ Anthony W. Mariano
Anthony W. Mariano
