# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Action No. 21-cr-00229-RBJ

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.  DAVITA INC.,
2.  KENT THIRY,

      Defendants.

---

**[PROPOSED] PROTECTIVE ORDER**

---

The Court has considered the United States' Unopposed Motion for a Protective

Order Governing Disclosure of Discovery Materials and finds that good cause has been

established to restrict discovery in this case.  The Court believes that a protective order

is a reasonable measure that protects the rights of the defendants, the public, and

witnesses involved in the case.  Therefore, pursuant to Rules 16(d) and 49.1 of the

Federal Rules of Criminal Procedure and the inherent authority of this Court, it is hereby

ORDERED:

That any discovery materials (or copies thereof) provided by the government to

the defense (regardless of when such materials were produced):

        a.     will be considered "Confidential Information" and
                labeled "Confidential Subject to Protective Order";

        b.     are not to be discussed with, nor disclosed to, anyone
                other than:

                1.  the named defendants, including only those
                    corporate representatives of DaVita Inc. that
                    are necessary to the company's defense

1

(collectively referred to herein as the "defendants"),

2. defense counsel of record, and staff of defense counsel of record, including investigators, paralegals, expert witnesses, and other contracted agents associated with the attorneys of record for purposes of defense preparation for this criminal case or any appeal regarding this criminal case (collectively referred to herein as "defense counsel"),

3. witnesses, potential witnesses or their counsel (collectively, "Witnesses") if the Witness is the author or recipient of a document containing the Confidential Information or a custodian or other person who would have likely reviewed such Confidential Information during his or her employment as a result of the substantive nature of his or her employment position, or a person who is specifically identified in the document or other Confidential Information, or a person whose conduct is purported to be specifically identified in the document or Confidential Information, or who would reasonably have been expected to have knowledge of the Confidential Information based on the specific context,

4. participants in a focus group or mock jury who have agreed in writing to be bound by this Protective Order to keep the information confidential and not to use it for any purpose other than the focus group, mock jury, or similar exercise, provided that such participants shall not be permitted to retain any copies of any Confidential Information or to retain any notes of any Confidential Information, and

5. such other persons as hereafter may be authorized by agreement between counsel for the parties or by order of the Court,

for use solely in connection with this criminal case;

2

c. will not be copied, except to the extent needed as exhibits for trial, pretrial hearings, or pleadings, or as defense counsel's working copies;

d. will not be provided to or kept by the defendants, except that defense counsel may share copies with defendants for use solely in connection with this criminal case (including any appeal), provided that the defendants do not retain copies of the Confidential Information for a longer period than is necessary for this criminal case;

e. will not be provided to or kept by a Witness, except that defense counsel may show discovery to a Witness provided that the Witness does not retain a copy of the Confidential Information;

f. shall not be disseminated or disclosed by the defendants, defense counsel, or any agents thereof, to anyone other than this Court, the parties to this case, or Witnesses as provided in this Protective Order, including a prohibition on disseminating or disclosing any information contained within Confidential Information.

Nothing herein shall prevent a defendant from using, referring to, or reciting from the Confidential Information in connection with pleadings or motions filed in this case, provided that the following categories of Confidential Information or information contained within Confidential Information shall either be redacted or, if material to the Court's determination, shall be filed as restricted Level 1: all FBI Form 302 reports of witness interviews; reports of witness interviews created by the government; grand jury testimony; other sworn witness statements; criminal background checks; social security numbers, passport information, driver's license numbers, dates of birth, addresses, and telephone numbers.

Prior to providing discovery to persons listed in section (b) of this Protective Order, the defendants or defense counsel are required to provide a copy of this

Protective Order to the person receiving discovery and obtain written acknowledgment

that that person is bound by the terms and conditions of the Protective Order.  The

written acknowledgment may be made by electronic means, including by email reply,

and it need not be disclosed or produced to the government unless ordered by the

Court.  In addition, any attorney of record who is retained or appointed to represent a

defendant or who is later relieved of representation of a defendant is bound by the

terms of this Protective Order unless excused from its terms by the Court.

Defendants and defense counsel shall use reasonable care to ensure that the

Confidential Information is not disclosed or disseminated to any third parties in violation

of the Protective Order.  In the event of an inadvertent disclosure of Confidential

Information, defendants or defense counsel shall, within three days of learning about

the inadvertent disclosure, notify the United States that an inadvertent disclosure

occurred.  Defendants or defense counsel shall use all reasonable efforts to secure the

return or destruction of the inadvertently disclosed Confidential Information.  If, after five

days from the date the United States was notified about the inadvertent disclosure,

defendants or defense counsel are unable to secure the return or destruction of the

inadvertently disclosed Confidential Information, they shall promptly notify the United

States as to the identity of the recipient of the inadvertently disclosed Confidential

Information.

This Protective Order shall not apply to documents or information obtained by the

defendants or defense counsel from a source other than the United States' production

of Confidential Information.  To the extent that the United States' production of

discovery materials contains documents that are also publicly available (other than

4

through a violation of this Protective Order), nothing in this Order shall restrict the use or retention of such publicly available documents.

Should any defendant or defense counsel receive a subpoena, document request, civil investigative demand, or like request as part of a judicial or administrative proceeding that calls for any Confidential Information or information contained within Confidential Information, the defendant or defense counsel shall promptly notify the subpoenaing entity of the existence of this protective order. The defendant or defense counsel shall also promptly notify the United States, so that the United States can have the opportunity to object to the disclosure.  If nonetheless either defendant, or a third party, is compelled by court order to produce the Confidential Information or information contained within Confidential Information, then production of such materials shall not be deemed a violation of this Order so long as prompt notification was provided as described above.  Nothing contained in this Order is intended to indicate that any other court order would have priority over this Order.  Moreover, nothing contained herein shall waive any party's objection to the jurisdiction of the other court.

All Confidential Information turned over to defendants and defense counsel, any copies made thereof, and any documents reflecting information contained within Confidential Information, shall be returned to the United States or destroyed within 30 days after this case is disposed of by trial, appeal, or other resolution of the charges against the defendants.  In the event defendants or defense counsel destroy all copies, they shall certify the destruction in writing to the United States within the 30-day period. Defense counsel will be permitted to retain their own work product, notwithstanding that it may reflect information contained within Confidential Information, and documents filed

with or obtained from the Court (subject to any other restrictions imposed by the Court),

provided that Confidential Information itself will not be retained, and any documents that

reflect information contained within Confidential Information will continue to be governed

by the terms of this Protective Order.

So ORDERED, this __ day of August, 2021.

_____
THE HONORABLE R. BROOKE JACKSON
UNITED STATES DISTRICT JUDGE