**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

  1. DAVITA INC.,

  2. KENT THIRY,

        Defendants.

**BRIEF OF AMICUS CURIAE COLORADO CHAMBER OF COMMERCE
SUPPORTING DEFENDANTS' JOINT MOTION TO DISMISS INDICTMENT**

Pursuant to the Court's order of September 28, 2021 Granting the Motion of the Colorado Chamber of Commerce (Colorado Chamber) leave to participate as amicus curiae (Dkt. No. 60), the Colorado Chamber hereby submits its brief of amicus curiae to urge this Court, which has jurisdiction across Colorado, to dismiss this prosecution so as not to subject Colorado businesses and their owners, operators and executives to a novel and unsustainable expansion of the *per se* rule under the Sherman Act.

**SUMMARY OF ARGUMENT**

The Indictment in this case simultaneously declares and attempts to impose punishment for a new per se criminal offense under the Sherman Act. As argued in the brief of amicus curiae submitted by the Chamber of Commerce of the United States (U.S. Chamber) (Dkt. No. 51-2), this both attempts to usurp the decision-making authority of Congress and—by prosecuting

1

conduct not definitively established as per se unlawful—violates due process principles.  The Colorado Chamber files this amicus curiae brief specifically to note the impact that this action has on Colorado business,  By threatening Colorado businesses and their owners, operators and executives with potential *per se* criminal prosecution for novel categories of conduct, the indictment, if allowed to stand, threatens to cast a shadow over ordinary business decision making in Colorado.  The Court should dismiss it.

## ARGUMENT

### I.  No Court Has Determined Non-Solicitation Agreements to be per se illegal under the Sherman Act.

The Sherman Act prohibits '[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States.'" *Leegin Creative Leather Prods., Inc. v. PSKS, Inc.,* 551 U.S. 877, 885 (2007) (quoting 15 U.S.C. § 1). The Supreme Court has famously held that this prohibition acts to "outlaw only unreasonable restraints" of trade. *State Oil Co. v. Khan,* 522 U.S. 3, 10 (1997). Hence, courts reviewing claims brought under § 1 of the Sherman Act apply the default "rule of reason," which requires "the factfinder [to] weigh[] all of the circumstances of a case in deciding whether a restrictive practice should be prohibited as imposing an unreasonable restraint on competition." *Bus. Elecs. Corp. v. Sharp Elecs. Corp.,* 485 U.S. 717, 723 (1988) (quoting *Cont'l T.V., Inc. v. GTE Sylvania Inc.,* 433 U.S. 36, 49 (1977)).

If an agreement is *per se* illegal, it cannot be reasonable under any circumstances.  As such, the government need only prove that a defendant entered into such an agreement in order to find that he, she or it have acted in restraint of trade.  See *Leegin,* 551 U.S. at 886.  As noted by the U.S. Chamber, courts are reluctant to find any category of agreement per se illegal and it

typically takes decades of judicial experience with a kind of agreement (or business conduct) before courts will hold that the agreement (or conduct) is *per se* illegal. *See* Dkt. No. 51-2 at 3-4. Again, as correctly noted by the U.S. Chamber, the recent trend has been for the Supreme Court to cut back on holdings of *per se* unlawfulness for some restraints of trade and to refrain from identifying new restraints subject to *per se* illegality. *Id.* In keeping with this trend, no court has held that non-solicitation agreements are *per se* illegal. The only court to consider such agreements unsurprisingly declined to apply the *per se* rule. *See Yi v. SK Bakeries, LLC,* 2018 WL 8918587, at *4 (W.D. Wash. Nov. 13, 2018).

## II. Because No Court Has Determined Non-Solicitation Agreements are *Per Se* Illegal, There is no Constitutional Fair Notice that Businesses and Businessmen Could Be Prosecuted Under the *Per Se* Standard for Entering Into Such Agreements.

The Fifth Amendment's Due Process Clause prohibits enforcement of a criminal statute that "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams,* 553 U.S. 285, 304 (2008). "To make the warning fair, so far as possible the line" of what counts as a crime "should be clear." *United States v. Bass,* 404 U.S. 336, 348 (1971) (quoting *McBoyle v. United States,* 283 U.S. 25, 27 (1931)).

As correctly noted by the U.S. Chamber, fair notice typically comes from the criminal statute itself. *See* Dkt. No. 51-2 at 5. But because the Sherman Act does not precisely identify the conduct which it proscribes, courts have used common-law adjudication to sort out the conduct that falls within the Sherman Act's ambit. *Id.* Hence, businesses and those operating them look to the courts to provide notice of which conduct is subject to criminal prosecution under the Sherman Act. *Id.* This advance notice, somewhat paradoxically, comes only after the

complete adjudication of Sherman Act prosecutions against others. *Id.* at 5-6. Hence it is incumbent upon this court—faced with a first-of-its-kind attempt to prosecute non-solicitation agreements as per se unlawful—to foreclose criminal prosecution under such a novel theory or run afoul of the notice required by the Fifth Amendment.

### III.     This Court Should Not Permit Colorado to be Made a Testing Ground for Such Novel Theories Under the Sherman Act.

The Colorado Chamber writes separately to urge this Court, which has jurisdiction across Colorado, to dismiss this prosecution so as not to subject Colorado businesses and their owners, operators and executives to a novel and unsustainable expansion of the *per se* rule. The Colorado Chamber urges that Colorado not be used as the "laboratory" where it would be the first federal jurisdiction where a "surprise" *per se* indictment is permitted. Businesses in Colorado should not be singled out across America for this unusual theory nor should they be uniquely burdened with the possibility of such prosecution. Instead the Colorado Chamber submits that this Court should follow the procedure outlined by the Supreme Court and permit the interpretation of the per se rule to evolve over time after careful consideration in the civil context.

September 30, 2021

Respectfully submitted,

*/s/ Christopher O. Murray*
Christopher O. Murray
BROWNSTEIN HYATT FARBER SCHRECK LLP
410 17th Street, Suite 2200
Denver, CO 80202
(303) 223-1183
cmurray@bhfs.com

*Counsel for Amicus Curiae Colorado Chamber of Commerce*

4

CERTIFICATE OF SERVICE

I certify that on September 30, 2021, I filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification thereof to all registered counsel.

*/s/ Christopher O. Murray*
Christopher O. Murray
