IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. DAVITA INC.,

2. KENT THIRY,

        Defendants.

### DEFENDANTS' JOINT RESPONSE TO THE GOVERNMENT'S NOTICE OF ADDITIONAL AUTHORITY

The government offers the recent decision denying a motion to dismiss in *In re: Geisinger Health and Evangelical Community Hospital Healthcare Workers Antitrust Litigation*, No. 4:21-CV-00196, 2021 WL 5330783 (M.D. Penn. Nov. 16, 2021), as additional authority in support of its opposition to defendants' motion to dismiss. *See* Dkt. 86. The government is wrong; *Geisinger Health* does not support its opposition at all.

Most importantly, *Geisinger Health* did not even address whether the agreement alleged by the plaintiffs was subject to the *per se* rule. There, the defendants' motion to dismiss did not argue that the alleged agreement was subject to the rule of reason rather than the *per se* rule. *See* No. 4:21-CV-00196, Dkt. 52 (M.D. Penn. May 17, 2021); *cf.* No. 4:21-CV-00196, Dkt. 57, at 4 n.4 (reserving the issue). And accordingly, the court did not decide that question; rather, the court resolved only whether the plaintiffs had Article III standing, had antitrust standing, and

1

plausibly alleged an agreement. 2021 WL 5330783, at *3-6. The court's remark that the "[p]laintiffs allege a *per se* violation of the Sherman Act" merely came by way of explaining why the plaintiffs did not need to allege "market power" for purposes of adequately alleging "Article III injury at the pleading stage"; that remark did not at all reflect a conclusion that the type of agreement alleged was subject to the *per se* rule rather than the rule of reason. 2021 WL 5330783, at *3. Thus, if the court in *Geisinger Health* is to address whether the alleged agreement is subject to the *per se* rule or the rule of reason, it will not do so until a later stage—much like in *United States v. eBay*, 968 F. Supp. 2d 1030 (N.D. Cal. 2013), and *In re High-Tech Employee Antitrust Litigation*, 856 F. Supp. 2d 1103 (N.D. Cal. 2012), the two cases it cites.

Furthermore, the factual allegations in *Geisinger Health* showed that the agreement at issue there was markedly more restrictive than the ones alleged here. First, the plaintiffs alleged that the defendants "agreed not to *poach* each other's healthcare workers." 2021 WL 5330783, at *1 (emphasis added). As defendants here have explained, no-poach agreements are substantially more restrictive than the no-solicit agreements alleged here. *See* Defs.' Mot. to Dismiss 7-9. Second, the plaintiffs also alleged that the agreement "was intended to and did suppress their wages and job mobility," and that the defendants employed "70 to 75 percent of hospital healthcare workers" in the relevant market. *Id*. at *1, 3. Here, the Indictment contains no comparable allegations regarding the actual competitive effects of the alleged agreements. *See* Defs.' Mot. to Dismiss 12.

Finally, even if *Geisinger Health* had concluded that a mere agreement not to solicit employees is unlawful in a civil context, that single district court decision could not possibly constitute the long judicial experience the Sherman Act requires before declaring a practice so

manifestly pernicious that it should be considered illegal *per se*, especially in a criminal action. Nor could a civil decision issued in November 2021 have afforded defendants—whose alleged conduct ended years ago—the notice the Supreme Court has repeatedly insisted on under the Due Process Clause and that is especially vital for a *per se criminal* offense, which relieves the government of its constitutional burden to prove that the agreements were unreasonable restraints of trade beyond a reasonable doubt and which strips defendants of their constitutional right to defeat the government's case through cross examination and rebuttal evidence. *See Francis v. Franklin*, 471 U.S. 307 (1985).

November 18, 2021

SETH P. WAXMAN
DAVID M. LEHN
WILMER CUTLER PICKERING HALE & DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000
seth.waxman@wilmerhale.com
david.lehn@wilmerhale.com

JOHN C. DODDS
ERICA A. JAFFE
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-4942
john.dodds@morganlewis.com

Respectfully submitted,

*s/ John F. Walsh III*
JOHN F. WALSH III
WILMER CUTLER PICKERING HALE & DORR LLP
1225 17th Street, Suite 2600
Denver, CO 80220
(720) 274-3154
john.walsh@wilmerhale.com

DANIEL CRUMP
WILMER CUTLER PICKERING HALE & DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
(213) 443-5300
daniel.crump@wilmerhale.com

J. CLAY EVERETT, JR.
TRACEY MILICH
MORGAN LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave. NW
Washington, DC 20004-2541
(202) 739-5860
clay.everett@morganlewis.com
tracey.milich@morganlewis.com

*Counsel for Defendant DaVita Inc.*

| | |
|---|---|
| CLIFFORD B. STRICKLIN<br>KING & SPALDING<br>1401 Lawrence Street, Suite 1900<br>Denver, CO 80202<br>(720) 535-2327<br>cstricklin@kslaw.com | JEFFREY E. STONE<br>DANIEL CAMPBELL<br>McDermott Will & Emery LLP<br>444 W Lake St.<br>Chicago, IL 60606<br>(312) 984-2064<br>jstone@mwe.com<br>dcampbell@mwe.com |
| JUSTIN P. MURPHY<br>MCDERMOTT WILL & EMERY LLP<br>500 North Capitol Street, NW<br>Washington, DC 20001-1531<br>(202) 756-8018<br>jmurphy@mwe.com | THOMAS M. MELSHEIMER<br>WINSTON & STRAWN LLP<br>2121 N. Pearl St, Suite 900<br>Dallas, TX 75201<br>(214) 453-6401<br>tmelsheimer@winston.com |

*Counsel for Defendant Kent Thiry*

CERTIFICATE OF SERVICE

I certify that on November 18, 2021, I filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification thereof to all registered counsel.

*s/ John F. Walsh III*
John F. Walsh III