IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-cr-00229-RBJ

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. DAVITA INC.,
2. KENT THIRY,

    Defendants.

---

**UNITED STATES' OPPOSITION TO DEFENDANTS' JOINT MOTION *IN LIMINE*
TO EXCLUDE LAY TESTIMONY REGARDING DEFENDANTS' INTENT,
KNOWLEDGE, AND STATE OF MIND**

---

The United States opposes Defendants' Joint Motion *in Limine* To Exclude Lay Testimony Regarding Mr. Thiry's or Any DaVita Representative's Intent, Knowledge, and State of Mind (ECF No. 108). Defendants seek to exclude such testimony from the very CEOs who reached the illegal allocation agreements directly with Defendant Thiry on behalf of Defendant DaVita Inc. *See* Mot. at 1. Their motion would also exclude any testimony about Defendants' intent from any DaVita executive whom Defendant Thiry personally informed of the agreements he reached, or any other witness who interacted personally with any DaVita representative concerning the illegal agreements. But lay opinion testimony about another's intent is admissible under Federal Rule of Evidence 701. *United States v. Hoffner*, 777 F.2d 1423, 1425-26 (10th Cir. 1985). Not only is it admissible, but when elicited from the very CEOs who reached the agreements directly with Defendants, or from any DaVita executive informed of the agreements by Defendant Thiry, testimony about Defendants' intent is uniquely helpful to the jury.

1

**ARGUMENT**

As Defendants admit, "[t]he Tenth Circuit has held that opinion testimony about another individual's state of mind may be admissible 'if the witness has had sufficient opportunity to observe the accused so as to draw a rational conclusion about the intent of the accused.'" Mot. at 2 (quoting *United States v. Hoffner*, 777 F.2d 1423, 1425-26 (10th Cir. 1985)). The full quotation from *Hoffner* is even more revealing: "In most instances, though, courts have been very liberal in admitting witnesses' testimony as to another's state of mind if the witness has had sufficient opportunity to observe the accused so as to draw a rational conclusion about the intent of the accused." 777 F.2d at 1425. Not only that, but "courts have been liberal in determining the extent of perception required to satisfy the first requirement of Rule 701." *United States v. Bush*, 405 F.3d 909, 916 (10th Cir. 2005). "Courts have likewise preferred to leave to juries any assessment of the weight to be given to such testimony when there exist questions regarding the quantity or quality of perception." *Id.*

Despite fulsome discovery including grand jury testimony and FBI 302 witness interview reports, Defendants' motion fails to advance any argument that the United States will not be able to lay a proper foundation at trial to meet Rule 701's perception requirement for admitting lay opinion testimony concerning Defendants' intent. To the contrary, Defendants' motion anticipates testimony from "Individual 1 (the CEO of SCA)" who reached the illegal agreement with Defendant Thiry in Count 1, "Individual 3 (the CEO of Company B)" who reached the illegal agreement with Defendant Thiry in Count 2, and "Individual 4 (the CEO of Company C)" who reached the illegal agreement with Defendant Thiry in Count 3. Mot. at 1. A witness who testifies that he reached an illegal agreement directly with Defendant Thiry is well positioned to testify as to his perception of Thiry's intent with respect to entering into that agreement together.

And a DaVita executive who testifies that he learned of any agreement directly from Defendant Thiry is likewise well positioned to testify as to Thiry's intent. Further, the intent of DaVita executives other than Thiry is also relevant and highly probative of DaVita's intent as an organizational defendant.

Despite Defendants' repeated assertions that this type of testimony would be "speculative and conclusory," *e.g.*, Mot. at 1, 4, such witness testimony offers the jury the most pertinent and helpful evidence of Defendant Thiry's intent as contemplated by *Hoffner*. There, the Tenth Circuit described as "speculative conclusions" lay opinions where the witnesses did not actually observe the defendant's actions. *Hoffner*, 777 F.2d at 1426. But it contrasted that testimony with those—such as the witnesses here—"with first-hand knowledge of the events he is testifying about" which "present[s] only the most accurate information to the finder of fact." *Id.* at 1425.

Contrary to Defendants' suggestion, *see* Mot. at 2, the Tenth Circuit in *United States v. Marquez*, 898 F.3d 1036 (10th Cir. 2018), only reinforced the practice of liberal admission of Rule 701 lay opinion testimony. In *Marquez*, a DEA case agent testified as to her lay opinion of the defendant's "role in the conspiracy." *Id.* at 1041, 1048. The DEA agent did not participate in the conspiracy directly as an undercover agent and in fact "never actually heard [defendant] speak in person." *Id.* at 1041. And yet, the Tenth Circuit affirmed the admission of the DEA agent's lay opinion testimony of the defendant's role in the conspiracy based only on the DEA agent's perception from listening to intercepted phone calls involving the defendant. *Id.* at 1049. Here, testimony from Defendants' co-conspirators who reached the illegal agreements directly with Defendant Thiry or learned of it from him is even more direct and helpful to the jury than the DEA agent's lay opinion based on her perception of phone calls in *Marquez*.

Finally, any Rule 701 testimony of a witness's perception of Defendants' intent should not be excluded under Rule 403. *See* Mot. at 4. Defendants offer no basis for their assertion that the CEOs who reached the illegal agreements with Defendant Thiry, DaVita employees who learned of them from Defendant Thiry, or others who interacted with DaVita representatives would be offering "[s]peculative and conclusory" opinions about Defendants' intent. *Id.* Rather, they would testify to their direct personal perception of Thiry's or a DaVita representative's intent. Direct testimony of Defendants' intent is in fact "proof specific to the offense charged" and not prejudicial. Mot. at 4 (quoting *Old Chief v. United States*, 519 U.S. 172, 180 (1997)). And, just because such testimony is "unfavorable to" Defendants does not mean it is unfairly prejudicial under Rule 403. *United States v. Flanagan*, 34 F.3d 949, 953 (10th Cir. 1994) (quoting *McEwen v. City of Norman*, 926 F.2d 1539, 1549 (10th Cir. 1991)). There is no reason why a properly instructed jury cannot weigh such evidence appropriately along with all the other evidence offered at trial. *Cf. Bush*, 405 F.3d at 916 ("Courts have likewise preferred to leave to juries any assessment of the weight to be given to such [lay opinion] testimony when there exist questions regarding the quantity or quality of perception.").

## CONCLUSION

For the foregoing reasons, Defendants' Joint Motion *in Limine* To Exclude Lay Testimony Regarding Mr. Thiry's or Any DaVita Representative's Intent, Knowledge, and State of Mind should be denied.

DATED: January 14, 2022

Respectfully submitted,

*/s/ William J. Vigen*
William J. Vigen, Trial Attorney
Megan S. Lewis, Assistant Chief
Anthony W. Mariano, Trial Attorney
Sara M. Clingan, Trial Attorney
Terence A. Parker, Trial Attorney

4

U.S. Department of Justice, Antitrust Division
Washington Criminal II Section
450 Fifth Street, N.W.
Washington, D.C. 20530
Tel: 202-598-2737 / 202-598-8145 / 202-480-1951 / 202-353-2411 / 202-705-6156
FAX: 202-514-9082
E-mail: anthony.mariano@usdoj.gov / megan.lewis@usdoj.gov / sara.clingan2@usdoj.gov / william.vigen@usdoj.gov / terence.parker2@usdoj.gov

## CERTIFICATE OF SERVICE

On January 14, 2022, I filed this document with the Clerk of the Court using CM/ECF, which will serve this document on all counsel of record.

*/s/ William J. Vigen*
William J. Vigen
Trial Attorney