**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. DAVITA INC.,

2. KENT THIRY,

        Defendants.

_____

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR LEAVE TO RESTRICT PUBLIC ACCESS TO DEFENDANTS' JOINT RESPONSE TO UNITED STATES' *JAMES* BRIEF AND EXHIBITS**
_____

Defendants submit this brief in support of its Motion for Leave to Restrict Public Access to Joint Response to United States' *James* Brief and accompanying exhibits [Dkt. No. 156]. For the reasons stated below, the presumption of public right to access is outweighed by the interest in preserving the confidentiality of grand jury information and the identities of any unindicted individuals or entities. Defendants also seek Level 2 restriction for any related filings, including any responses to this brief identifying confidential grand jury information or unindicted individuals or entities.

1

## BACKGROUND

On December 3, 2022, defendants filed a motion requesting disclosure of 802(d)(2)(e) evidence and a *James* hearing. ECF 94. On January 26, 2022, the government filed its *James* brief, *James* log, and a co-conspirator guide. ECF 128. The government also sought Level 2 restriction for its *James* brief and its two attachments, as well "any related filings, including any responses to the James brief[.]" ECF 129. On January 28, 2022, the Court granted the government's unopposed request for a Level 2 restriction. ECF 131. A *James* hearing is scheduled for February 24, 2022.

## DISCUSSION

### A. Legal Standard

The public has a right to access judicial records. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *Viesti Assocs., Inc. v. Pearson Educ., Inc.*, No. 12-CV-01431-PAB-DW, 2014 WL 12741118, at *2 (D. Colo. Feb. 21, 2014). However, that right is not absolute. *See U.S. v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013). Rather, the law creates a presumption that the moving party may rebut. A court may restrict public access "when the public's right of access is outweighed by interests which favor nondisclosure." *Viesti Assocs.*, 2014 WL 12741118, at *2.

To restrict public access under D.C.COLO.LCrR 47.1(c), the moving party must state in its brief, among other things: the interests to be protected and why such interests outweighs the presumption of public access; a clearly defined and serious injury that would result if the court does not restrict access; and why no alternative to restriction is practicable or why only

restriction will adequately protect the interest in question. Defendants' proposed restrictions meet each requirement.

### B. Defendants' Proposed Restrictions

Defendants' Joint Response to United States' *James* Brief and accompanying exhibits should be held under a Level 2 restriction because they contain details regarding confidential grand jury information or the identities of unindicted individuals or entities, similar to documents the government has already filed under Level 2 restriction in this matter. This would be wholly consistent with the Court's ruling that the government's *James* brief and its two attachments, any responses, and any related filings may be filed under Level 2 restriction. ECF 129. *See also* ECF 131. Furthermore, the public's interest in the specific details of confidential grand jury information is minimal. Defendants' Joint Response also identifies unindicted individuals and entities, which carries the risk of disrupting a government investigation and potentially tarnishing the reputation of these individuals and entities, who at this point have no opportunity to respond. The public interest in this information is low, particularly where a public indictment has been issued informing the public of the allegations at issue here.

### CONCLUSION

For the foregoing reasons, the Court should grant defendants' motion and order Defendants' Joint Response to United States' *James* Brief and accompanying exhibits to be held under Level 2 restriction.

| | |
|---|---|
| Dated: February 16, 2022 | Respectfully submitted, |
| Jeffrey Stone<br>Daniel Campbell<br>McDermott Will & Emery LLP<br>444 W Lake St.<br>Chicago, IL 60606<br>(312) 984-2064<br>jstone@mwe.com | /s/ *John F. Walsh III*<br>John F. Walsh III<br>Wilmer Cutler Pickering Hale & Dorr LLP<br>1225 17th Street, Suite 2600<br>Denver, CO 80220<br>(720) 274-3154<br>john.walsh@wilmerhale.com |
| Justin P. Murphy<br>McDermott Will & Emery LLP<br>500 North Capitol Street, NW<br>Washington, DC 20001-1531<br>(202) 756-8018<br>jmurphy@mwe.com | John C. Dodds<br>Morgan Lewis & Bockius LLP<br>1701 Market Street<br>Philadelphia, PA 19103-2921<br>(215) 963-4942<br>john.dodds@morganlewis.com |
| *Counsel for Defendant Kent Thiry* | *Counsel for Defendant DaVita Inc.* |

## CERTIFICATE OF SERVICE

I certify that on February 16, 2022, I filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification thereof to all registered counsel.

                                                      /s/ *John F. Walsh III*
                                                      John F. Walsh III