# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

   1.  DAVITA INC.,

   2.  KENT THIRY,

        Defendants.

___

## JOINT STIPULATION REGARDING JURY INSTRUCTIONS
___

    The parties respectfully submit this joint submission to apprise the Court the parties have narrowed their disputes on disputed jury instructions through additional meet and confer discussions. Although the parties have narrowed their dispute on the preliminary instruction, the parties have been unable to fully resolve it, and offer the two proposals below for the Court's consideration. The parties have stipulated to the other instructions listed below.

**Disputed Instruction No. 1: Substantive Preliminary Instruction**

| Offered by United States | Offered by Defendants | Comments by Chambers |
|---|---|---|
| The Superseding Indictment charges three separate conspiracies to allocate employees.  In order to establish the offense of conspiracy to allocate employees charged in the Superseding Indictment, the government must prove each of these elements beyond a reasonable doubt:<br>1. A conspiracy between two or more competitors for employees to allocate employees as alleged in the Superseding Indictment existed on or about the time period alleged in the Superseding Indictment.<br>2. The defendant knowingly—that is, voluntarily and intentionally—participated in the conspiracy charged in the indictment, knowing of its goal and intending to help accomplish it; and<br>3. The conspiracy occurred in the flow of, or substantially affected, interstate trade or commerce. | The Superseding Indictment charges three separate employee market allocation conspiracies in violation of Section 1 of the Sherman Act.  To establish the violations charged in the Superseding Indictment, the government must prove each of these elements separately for each Count beyond a reasonable doubt:<br>1. The conspiracy described in the Superseding Indictment existed at or about the time alleged.<br>2. The defendant knowingly—that is, voluntarily and intentionally—participated in the conspiracy charged in the Superseding Indictment, with the intent and purpose of allocating the market for senior level employees (Count 1) or other employees (Counts 2 and 3); and<br>3. The conspiracy occurred in the flow of, or substantially affected, interstate trade or commerce. | |
| **Authority**<br>15 U.S.C. § 1; Elements of the Offense, ABA Model Jury Instructions in Criminal Antitrust Cases (2009 ed.), Chapter 3 – the Sherman Act Section 1 Offense – ABA Section of Antitrust Law ("One, that the conspiracy described in the indictment existed at or about the time alleged; Two, that the defendant knowingly became a member of the conspiracy; and Three, that the conspiracy described in the | **Authority**<br>Order on Defendants' Motion to Dismiss, *United States v. DaVita et al.*, 21-cr-229 (D. Colo. Jan. 28, 2022), Dkt. 132 at 6 ("[T]he indictment does allege that the non-solicitation agreement allocated the market. Though the indictment does not use the phrase "horizontal market allocation agreement," it does allege the agreement was one…These are clear allegations, for [all] counts, that | |

| **Offered by United States** | **Offered by Defendants** | **Comments by Chambers** |
|---|---|---|
| indictment either affected interstate [and/or foreign] commerce in goods or services or occurred within the flow of interstate [and/or foreign] commerce in goods and services."); *United States v. Metro. Enters., Inc.*, 728 F.2d 444, 450 (10th Cir. 1984) ("While intent to restrain competition is an element of a criminal violation of the Sherman Act, we think the proof of the requisite intent in the instant case was satisfied by showing that the appellants knowingly joined and participated in a conspiracy to rig bids." (internal citation omitted)); *United States v. Kemp & Assocs.*, 907 F.3d 1264, 1273 (10th Cir. 2018); *United States v. Suntar Roofing, Inc.*, 897 F.2d 469, 473 (10th Cir. 1990) ([T]he activity alleged in the indictment in this case, an agreement to allocate or divide customers between competitors within the same horizontal market, constitutes a per se violation of § 1 of the Sherman Act."); *United States v. Suntar Roofing, Inc.*, 709 F. Supp. 1526, 1536 (D. Kan. 1989) (quoting the customer allocation instruction, which provided, in relevant part, "A conspiracy to allocate customers is an agreement or understanding between competitors not to compete for the business of a particular customer or customers."); Instr. 14, *United States v. Penn*, No. 1:20-cr-152 (D. Colo. Dec. 16, 2021), ECF No. 921 (instructing as to the second | the agreement entered was a horizontal market allocation agreement carried out by non-solicitation."); *id*. at 12 ("[T]he government sufficiently alleged that this non-solicitation agreement falls under the umbrella of an existing category subject to per se treatment: horizontal market allocation agreement."); *id*. at 18-19 ("[A]t trial, the government will not merely need to show that the defendants entered the non-solicitation agreement and what the terms of the agreement were. It will have to prove beyond a reasonable doubt that defendants entered into an agreement with the purpose of allocating the market for senior executives (Count 1) and other employees (Counts 2 and 3). … Similarly, [] the government will have to prove more than that defendants had entered into a non-solicitation agreement—it will have to prove that the defendants intended to allocate the market as charged in the indictment."); Division's Opposition to Defendants' Motion to Dismiss, Dkt. 67 at 5 ("The Indictment charges that Defendants' employee-nonsolicitation agreements are per se unlawful market allocations."); *id*. at 18-19 ("[A] naked horizontal market allocation between competing employers is exactly what the Indictment alleges here"); 15 U.S.C. § 1; Elements of the Offense, ABA Model Jury Instructions in Criminal Antitrust Cases (2009 ed.), | |

3

| **Offered by United States** | **Offered by Defendants** | **Comments by Chambers** |
|---|---|---|
| element: "Second: that the defendant knowingly–that is, voluntarily and intentionally– became a member of the conspiracy charged in the indictment, knowing of its goal and intending to help accomplish it . . . ."). | Chapter 3 – the Sherman Act Section 1 Offense – ABA Section of Antitrust Law; Final Jury Instructions, *Optronic Technologies Inc. v. Ningbo Sunny Electronic Co. Ltd et al*, No. 5:16-cv-06370 (N.D. Cal. Nov. 22, 2019), Dkt. 499 at 44 ("Orion claims that Defendants and the Alleged Synta Entities are competitors or potential competitors and have violated the Sherman Act by agreeing to allocate product markets between themselves.  Allocate means to limit, divide up, or not compete.[…] A conspiracy to allocate product markets is an agreement between two or more competitors to agree not to compete in making or selling a product that they would have otherwise competed in making or selling."). | |

**Stipulated Instruction No. 24: On or About—Period of the Conspiracy**

The Superseding Indictment charges a conspiracy in Count One beginning at least as early as February 2012 and continuing at least as late as July 2017; a conspiracy in Count Two beginning at least as early as April 2017 and continuing at least as late as June 2019; and a conspiracy in Count Three beginning at least as early as November 2013 and continuing at least as late as June 2019.  For each count, the government does not need to prove that the conspiracy began or ended on those exact dates.  The government must prove beyond a reasonable doubt that the conspiracy existed reasonably near the time period alleged in that count.

---

**Authorities**

Tenth Circuit Pattern Jury Instruction No. 1.18 (2021 ed.) (updated Apr. 2, 2021) (modified); *United States v. Poole*, 929 F.2d 1476, 1482–83, 1182 n.5 (10th Cir. 1991) (upholding jury instruction that "it is not necessary that the proof establish with certainty the exact date of the alleged offenses" because that instruction "has been approved by this Circuit on numerous occasions"); *In re Urethane Antitrust Litig.*, 2013 WL 2097346, at *9 (D. Kan. May 15, 2013), *amended*, 2013 WL 3879264 (D. Kan. July 26, 2013), *aff'd*, 768 F.3d 1245 (10th Cir. 2014) (in an antitrust case, "the jury was not required to find that a conspiracy existed for the entire period alleged by plaintiffs").

**Note: The parties agree that this instruction need not be given unless circumstances warrant.**

### [Stipulated Instruction No. 38: Modified *Allen* Instruction]

Members of the jury, I am going to ask that you return to the jury room and deliberate further. I realize that you are having some difficulty reaching a unanimous agreement, but that is not unusual. Sometimes, after further discussion, jurors are able to work out their differences and agree.

This is an important case. If you should fail to agree upon a verdict, the case is left open and must be tried again. Obviously, another trial would require the parties to make another large investment of time and effort, and there is no reason to believe that the case can be tried again by either side better or more exhaustively than it has been tried before you.

You are reminded that the defendant is presumed innocent, and that the government, not the defendant, has the burden of proof and it must prove the defendant guilty beyond a reasonable doubt. Those of you who believe that the government has proved the defendant guilty beyond a reasonable doubt should stop and ask yourselves if the evidence is really convincing enough, given that other members of the jury are not convinced. And those of you who believe that the government has not proved the defendant guilty beyond a reasonable doubt should stop and ask yourselves if the doubt you have is a reasonable one, given that other members of the jury do not share your doubt. In short, every individual juror should reconsider his or her views.

It is your duty, as jurors, to consult with one another and deliberate with a view toward reaching an agreement, if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence

with your fellow jurors.  In the course of your deliberations do not hesitate to reexamine your own views and change your opinion if you are convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

    What I have just said is not meant to rush or pressure you into agreeing on a verdict.  Take as much time as you need to discuss things.  There is no hurry.

    I will ask now that you retire once again and continue your deliberations with these additional comments in mind to be applied, of course, in conjunction with all of the instructions I have previously given you.

---

**Authority**

Tenth Circuit Pattern Jury Instruction No. 1.42 (2021 ed.) (updated Apr. 2, 2021).

**Note:  The parties agree that this instruction need not be given unless circumstances warrant.**

**[Stipulated Instruction No. 39: Partial Verdict Instruction]**

Members of the Jury:

(1) You do not have to reach a unanimous agreement on all the charges or all defendants before returning a verdict on some of the charges.  If you have reached a unanimous agreement on some of the charges as to one of the defendants, you may return a verdict on those charges or that defendant and then continue deliberating on the others.

(2) If you do choose to return a partial verdict, that verdict will be final.  You will not be able to change your minds about it later on.

(3) Your other option is to wait until the end of your deliberations, and return all your verdicts then.  The choice is entirely yours.

---

**Authority**

Tenth Circuit Pattern Jury Instruction No. 1.43 (2021 ed.) (updated Apr. 2, 2021).

DATED: March 15, 2022

        Respectfully submitted,

        */s/ Terence A. Parker*
        Terence A. Parker, Trial Attorney
        Megan S. Lewis, Assistant Chief
        Sara M. Clingan, Trial Attorney
        Anthony W. Mariano, Trial Attorney
        William J. Vigen, Trial Attorney
        U.S. Department of Justice, Antitrust Division
        Washington Criminal II Section
        450 Fifth Street, N.W.
        Washington, D.C. 20530
        Tel: 202-705-6156
        FAX: 202-514-9082
        E-mail: terence.parker2@usdoj.gov

        *Counsel for the United States*

DATED: March 15, 2022

                                                                                Respectfully submitted,

Cliff Stricklin
King & Spalding
1401 Lawrence Street, Suite 1900
Denver, CO 80202
(720) 535-2327
cstricklin@kslaw.com

Jeffrey Stone
Daniel Campbell
McDermott Will & Emery LLP
444 W Lake St.
Chicago, IL 60606
(312) 984-2064
jstone@mwe.com

Justin P. Murphy
McDermott Will & Emery LLP
500 North Capitol Street, NW
Washington, DC 20001-1531
(202) 756-8018
jmurphy@mwe.com

*Counsel for Defendant Kent Thiry*

John F. Walsh III
Wilmer Cutler Pickering Hale & Dorr LLP
1225 17th Street, Suite 2600
Denver, CO 80220
(720) 274-3154
john.walsh@wilmerhale.com

John C. Dodds
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-4942
john.dodds@morganlewis.com

J. Clayton Everett, Jr.
Morgan Lewis & Bockius LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004
(202) 739-5860
clay.everett@morganlewis.com

*Counsel for Defendant DaVita Inc*

**CERTIFICATE OF SERVICE**

On March 15, 2022, I filed this document with the Clerk of the Court using CM/ECF, which will serve this document on all counsel of record.

                                                                           */s/ Terence A. Parker*
                                                                           Terence A. Parker
                                                                           Trial Attorney