IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

    1.  DAVITA INC.,
    2.  KENT THIRY,

        Defendants.

_____

**DEFENDANTS' OFFER OF PROOF AS TO THE ADMISSION OF CERTAIN BUSINESS COLLABORATION DOCUMENTS INTO EVIDENCE**
_____

Defendants submit this written offer of proof as to the business collaboration documents between SCA and DaVita. As the Court may recall, defendants offered two binders of business records between SCA and DaVita into evidence near the close of Mr. Hayek's testimony. (4/7/2022 Trial Tr. at 164:25-167:10.) The Division objected and the Court sustained the objection to the binders coming into evidence at that time. (*Id.*) This offer of proof provides the Court with additional foundational information about the documents and seeks admission of the documents into evidence.

The Division has objected on two grounds: (1) the evidence was cumulative, and (2) irrelevant. Both objections should be overruled. First, the Division's argument that the evidence is cumulative is based purely on the vast quantity of business communications between DaVita and SCA. This evidence is not cumulative because it covers a wide array of discussions and interactions; it is voluminous but not cumulative. Its very volume is the point.

Second, the evidence is relevant and has already been discussed in front of the jury at length. The business relationship between SCA and DaVita has been admitted before the jury,

1

without objection from the Division, related to a variety of business negotiations and opportunities that SCA and DaVita were contemplating such as partnering on vascular access with DaVita's lifeline business (4/7/2022 Trial Tr. at 110:14-112:21), joint ventures and partnerships discussions with DaVita HealthCare Partners (*id.* at 112:22- 114:2) which led to one joint venture between the companies (*id.* at 136:15-147:4; 172:2-11), DaVita's discussions and negotiations to purchase SCA as one of its two suitors (*id.* at 114:3-117:2; 148:7-20; 156:6-10), and DaVita's recruitment of Mr. Hayek to become the CEO of DaVita HealthCare Partners (*id.* at 147:5-148:6).[1] As the evidence has already shown, the business dealings between DaVita and SCA are highly relevant to the critical questions of intent and purpose, and these very issues have already come into evidence.

Mr. Hayek testified that it was common for SCA to check in with DaVita by email and telephone on the various business opportunities and discussions between the two companies. (4/7/2022 Trial Tr. at 143:2-7.) Mr. Hayek testified that there were hundreds, if not thousands, of business communications between DaVita and SCA over the charged conspiracy period. (*Id.* at 128:20-129:14.)[2] Mr. Hayek also testified that at least one of his purposes for entering into his agreement with DaVita was to become a business partner with DaVita. (*Id.* at 129:5-130:12.) The evidence of what the parties discussed at the time of forming the non-solicit agreement, which mentioned both recruiting and business partnerships (*see* GX 33), and after the agreement, is relevant evidence of the parties' true purpose and intent.

---

[1] Moreover, this evidence about repeated business negotiations and discussions is not confusing to the jury. In fact, excluding this evidence when witnesses have testified about the hundreds or thousands of business communications between DaVita and SCA would tend to confuse the jury. The Division has not, and cannot, establish that any risk of confusion or prejudice substantially outweighs the probative value of this evidence. *See* Fed. R. Evid. 403(b).
[2] The Division itself asked Mr. Hayek about hundreds of business communications on re-direct. (4/7/2022 Trial Tr. at 167:23-168:3 (Attorney Lewis asking Mr. Hayek about "hundreds of business emails, communications, between SCA and DaVita").)

Moreover, defendants have obtained custodial records certifications under 902(11) for the below-listed exhibits, which establishes the foundation for the business records exception to the hearsay rule. *See* Exhibit A[3] (902(11) Certificate of Authority executed by Scott Veenendall, executed April 4, 2022) and Exhibit B (902(11) Certificate of Authority executed by David Moncure, executed April 4, 2022); Fed. R. Evid. 902(11) and 803(6). As the United States stated in a recent motion *in limine* in this circuit and on this same topic, "[a] Rule 902(11) certification is the functional equivalent of testimony offered to authenticate a business record tendered under Rule 803(6)." *United States v. Hoang*, No. 2:17-CR-00444-JNP, Dkt. 101, at 4 (D. Utah Aug. 28, 2019).[4]

There is no indicia of unreliability in these business communication documents and the Division could not seriously contend otherwise given that it received a 902(11) records custodian certification from SCA for emails, calendar invites, and presentation decks. *Compare, e.g.*, Government Exhibits 30, 47-1, 48-1, 49, 50, 53-1, 56-1, 60-1, 61-1, 62-1, 63-1, 64-1, 66-1, 67-3, 70-1, 81, 82-1, 84, 86-2, 88, 90, 91, 92, and 97 *with* Ex. C (902(11) Certificate of Authority executed by Scott Veenendall, executed Feb. 7, 2022) provided to the Division; *see also Burke v. Regalado*, 935 F.3d 960, 1022-23 (10th Cir. 2019) (recognizing email qualifying for Rule 803(6) business record hearsay exception); *Park West Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 333 (S.D.N.Y. 2009) (noting that "an email may satisfy the business records exception under appropriate circumstances"); *Canatxx Gas Storage Ltd. v. Silverhawk Capital Partners, LLC*, No. 06-1330, 2008 WL 1999234, at *12 (S.D. Tex. May 8, 2008) ("A party seeking to

---

[3] Defendants have annotated the attachment to Exhibits A, B, C to add exhibit numbers from defendants' exhibit list and added the exhibit numbers and a description of the type of document at issue in the 902(11) certification the government received from SCA.
[4] In that same filing, the United States also argued to the Court that an email "related to a business purpose is admissible as a business record under 803(6)." *Hoang*, Dkt. 101, at 14 ¶ 46; 16 ¶ 62. This Court should not permit the United States to take disparate positions involving the same legal issues in different courts in this circuit.

introduce an email made by an employee about a business matter under the hearsay exception under Rule 803(6) must show that the employer imposed a business duty to make and maintain such a record. Courts examine whether it was the business duty of an employee to make and maintain emails as part of his job duties and whether the employee routinely sent or received and maintained the emails.").[5] The Court should admit this evidence because it is relevant, reliable, and admissible and because there is no meaningful objection from the Division.

Even if the Court is not satisfied that the records satisfy Rule 803(6), all of the records are admissible for a non-hearsay purpose: to show that the volume of communications occurred and to contextualize what the parties next decided to do. Thus, the records are clearly admissible to show notice, opportunity, and to show the effect on the recipient, which is a non-hearsay purpose for their admission.[6] Therefore, the Court should admit the following exhibits into evidence:[7]

Ex. **A**, Custodial Record 902(11) foundation for the documents as business records executed by Scott Veenendall on April 4, 2022.

> A-094-**095**, A-100-101, A-**106**-107, A-109-**110**, A-116, A-119, A-121-**122**, A-124, A-131-132, A-134-135, A-138-139, A-143-144, **A-145**, A-146, **A-147**-148, A-150-**151**, A-152-**153**, A-156, A-162-164, A-166, **A-171**, A-173-174, A-182-**183**, A-185-**187**, A-188, A-191-**192**, **A-193**, and A-195-**196**.
>
> B-444, **B-448, B-451**-**452**, B-453-**454**, **B-462**, B-527

Ex. **B**, DaVita Custodial Record 902(11) foundation for the documents as business records executed by David Moncure on April 4, 2022.

---

[5] Defendants stipulated to admissibility to nearly all of these exhibits and did not object to others when offered by the Division because, with a 902(11) certification, there is no meaningful basis to object to these business emails, calendar invites, and presentations. The Division knows that there is no meaningful basis to object, but did not afford defendants the same courtesy and stipulate to the admissibility of these relevant documents.

[6] The business emails, presentations, and non-disclosure and other agreements are also admissible under Federal Rule of Evidence 406, as evidence of an organization's routine practice that may be admitted to prove that on a particular occasion the person or organization acted in accordance with that routine practice. Here, the business emails, negotiations, and communications are evidence of SCA's routine practice of negotiating strategic partnerships with companies like DaVita to show that SCA was acting consistent with its routine practice vis-à-vis strategic business partners when it interacted with DaVita. Fed. R. Evid. 406.

[7] The highlighted exhibits are those defendants understand the government has already stipulated to or otherwise indicated it has no objection.

4

A-**249-250**, A-**252**, A-**254-255**, A-**257**, A-**259-260**, A-**268**, A-**271**, A-275, A-281, A-284, A-286-287, A-293-298, A-300, A-302, A-305, A-307, A-**313**, A-315, A-328, A-**331**-332, A-345, A-369, A-409, A-415-416, A-606, A-609, A-614-615, A-618, A-621, A-623, A-822, A-829, A-849, A-855, A-886, A-902, A-905, A-909, A-914, A-919, A-938, A-949, A-964, A-967, A-969, A-972, and A-982.

B-017, B-029, B-032, B-042, B-045, B-048, B-053, B-056, B-058, B-067, B-071-072, B-075, B-079, B-084, B-089, B-094, B-099, B-103, B-110, B-114, B-121, B-124, B-126, B-128, B-129-130, B-134, B-140, B-144, B-152-154, B-158, B-160, B-162, B-164, B-166, B-168, B-172, B-175, B-178, B-184, B-187-193, B-196, B-209-210, B-213, B-217, B-308-309, B-311, B-314, B-316-317, B-320, B-322-325, B-327-329, B-332-334, B-336-337, B-339-345, B-347, B-350-351, B-356-363, B-365-367, B-375-379, B-381-385, B-391, B-393, B-395, B-399, B-401, B-403, and B-405

Finally, the following documents are non-disclosure and confidentiality agreements, signed partnership agreements, and business presentations, which defendants understand the Division to have stipulated to admissibility and we offer them into evidence as a part of this offer of proof. Those exhibits stipulated as admissible are:

A-127, A-288, A-310, A-312, A-321, A-329, A-347-348, A-390 A-468-469, A-470, A-471-475, A-603, A-604, A-605, A-610, A-612, A-616, A-622, A-624, A-626, A-628, A-629, A-633, and A-699 and

B-218; B-220; B-392; B-394; B-396; B-400; B-402; B-404; B-443; B-445; B-448; B-451; B-452; B-454; B-457; B-459; B-496; B-509.

Dated: April 11, 2022                               Respectfully submitted,

Jeffrey Stone                                       /s/ *John F. Walsh III*
Daniel Campbell                                     John F. Walsh III
McDermott Will & Emery LLP                          Wilmer Cutler Pickering Hale & Dorr LLP
444 W Lake St.                                      1225 17th Street, Suite 2600
Chicago, IL 60606                                   Denver, CO 80220
(312) 984-2064                                      (720) 274-3154
jstone@mwe.com                                      john.walsh@wilmerhale.com

Justin P. Murphy                                    John C. Dodds
McDermott Will & Emery LLP                          Morgan Lewis & Bockius LLP
500 North Capitol Street, NW                        1701 Market Street
Washington, DC 20001-1531                           Philadelphia, PA 19103-2921
(202) 756-8018                                      (215) 963-4942
jmurphy@mwe.com                                     john.dodds@morganlewis.com

*Counsel for Defendant Kent Thiry*                  *Counsel for Defendant DaVita Inc.*

## CERTIFICATE OF SERVICE

I certify that on April 11, 2022, I filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification thereof to all registered counsel.

/s/ *John F. Walsh III*
John F. Walsh III