IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. DAVITA INC.,
2. KENT THIRY,

        Defendants.

---

**DEFENDANTS' JOINT MOTION FOR EXTENSION OF TIME TO COMPLY WITH PROTECTIVE ORDER**

---

Defendants, DaVita Inc. ("DaVita") and Kent Thiry ("Thiry"), by way of counsel, move this Court for an order extending the date by which the parties must comply with the document return/destruction obligations of the Protective Order entered by this Court. As grounds in support of this motion, DaVita and Thiry state as follows.

1. On August 20, 2021, this Court considered the United States' Unopposed Motion for a Protective Order [ECF No. 42] and entered a Protective Order governing disclosure of discovery materials in this matter [ECF No. 43].

2. The Protective Order requires that, except for work product retained by defense counsel, "[a]ll Confidential Information turned over to defendants and defense counsel, any copies made thereof, and any documents reflecting information contained within Confidential Information, shall be returned to the United States or destroyed *within 30 days after this case is*

*disposed of by trial*, appeal, or other resolution of the charges against the defendants [ECF No. 43 at 5 (emphasis added)].

3. This Court entered a Judgement of Acquittal as to Defendant DaVita [ECF No. 266] and Defendant Thiry [ECF No. 267] on April 20, 2022.

4. Accordingly, Defendants' deadline to destroy or return all confidential information pursuant to the Protective Order is May 20, 2022.

5. As the Court is aware, this case involved millions of pages of confidential documents and the defense of DaVita and Thiry was coordinated among multiple law firms, all of which must independently comply with the Protective Order.

6. Both DaVita and Thiry are also parties in a related civil case in which the allegations are based on the allegations of this case. The court in the related civil case entered a pre-trial order that obligates the parties to "take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation, consistent with their obligations under the Federal Rules of Civil Procedure." [*In re Outpatient Medical Center Employee Antitrust Litigation*, Case No. 1:21-cv-00305 (N.D. Ill.), ECF No. 50 at 5.]

7. Given the competing and potentially conflicting obligations of the Protective Order and the civil pre-trial order as well as the substantial effort necessary to comply with the document return/destruction obligations across the various firms representing Defendants, DaVita and Thiry met and conferred with Anthony Mariano of the Department of Justice, Antitrust Division, and requested an extension of the Protective Order's 30-day deadline. On May 13, 2022, Mr. Mariano declined to extend the Protective Order's 30-day timeline. On May 18, 2022, Defendants met and

conferred with Mr. Mariano again to request an extension of the 30-day timeline, informing him that Defendants would otherwise be forced to file this motion, but Mr. Mariano again refused.

8. While counsel for DaVita and Thiry are working as quickly as reasonably possible to comply with the Protective Order—indeed, at least one firm representing DaVita that is not involved in the civil case expects to be able to certify the destruction of documents by the original deadline of May 20—the extra time that DaVita and Thiry have requested would allow DaVita and Thiry to inform the court in the civil case of the competing/conflicting obligations of the two orders, propose a potential resolution of the issue (*i.e.*, the United States will continue to maintain the documents subject to the Protective Order until the conclusion of the civil case, which Mr. Mariano verbally confirmed to both plaintiffs and defendants in the civil case that the United States is willing to do), and await further instructions from the court in the civil case. The additional time would also provide Defendants with sufficient time to destroy the documents, provided that the court in the civil case does not order DaVita and Thiry otherwise. The documents subject to the Protective Order are not all centrally located and are instead stored in various databases and local hard drives maintained by numerous parties.

9. In light of the foregoing, DaVita and Thiry respectfully request a 30-day extension of time (*i.e.,* June 20, 2022) to comply with their obligations under the Protective Order. Counsel for DaVita and Thiry will provide certifications of compliance on a rolling basis to the DOJ until completed. DaVita, Thiry, and their counsel will of course continue to comply with the requirements of the protective order to maintain the strict confidentiality of any covered materials during the period of any extension. During meet and confer discussions, the United States did not

articulate that it will be prejudiced in any way by the extension and, indeed, it is unable to do so given DaVita and Thiry's continued compliance and the brief nature of the extension.

**WHEREFORE**, Defendants DaVita and Thiry respectfully requests that the Court enter an order extending the deadline set forth in ECF No. 43 for the return or destruction of confidential information by 30 days or until June 20, 2022.

Dated:  May 18, 2022

Jeffrey E. Stone
Daniel Campbell
McDermott Will & Emery LLP
444 W Lake St.
Chicago, IL 60606
(312) 984-2064
jstone@mwe.com

Justin P. Murphy
McDermott Will & Emery LLP
500 North Capitol Street, NW
Washington, DC 20001-1531
(202) 756-8018
jmurphy@mwe.com

*Counsel for Defendant Kent Thiry*

Respectfully submitted,

/s/ *John F. Walsh III*
John F. Walsh III
Wilmer Cutler Pickering Hale & Dorr LLP
1225 17th Street, Suite 2600
Denver, CO 80220
(720) 274-3154
john.walsh@wilmerhale.com

John C. Dodds
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-4942
john.dodds@morganlewis.com

*Counsel for Defendant DaVita Inc.*

**CERTIFICATE OF CONFERENCE**

In compliance with Local Rule 7.1(a), Defendants DaVita and Thiry have conferred with counsel for the United States regarding this motion, and the United States opposes this motion. As detailed within the motion Defendants have met and conferred with Mr. Mariano regarding DaVita and Thiry's obligations under the Protective Order. Defendants most recently conferred with Mr. Mariano on May 18, 2022 and informed him of the intended motion. Mr. Mariano confirmed that the United States opposes this motion.

**CERTIFICATE OF SERVICE**

I certify that on May 18, 2022, I filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification thereof to all registered counsel.

*/s/ John F. Walsh III*
John F. Walsh III