# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

  1. DAVITA INC.,
  2. KENT THIRY,

        Defendants.

---

**DEFENDANTS' JOINT REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO COMPLY WITH PROTECTIVE ORDER**

---

Defendants DaVita Inc. ("DaVita") and Kent Thiry ("Thiry") raise three necessary factual corrections in this Reply.

1.    ***First***, Defendants *never* "contemplated violating this Court's Protective Order" and instead proceeded thoughtfully and intentionally so that (as explained to DOJ in a meet-and-confer call on May 13) neither this Court nor the court in the parallel civil action would misconstrue Defendants' actions as disregarding their respective orders. ***Second***, Defendants never "admitted that they had not even begun to comply" with this Court's Protective Order, which is belied by facts such as: (a) a week earlier Defendants met and conferred with DOJ, as required by L.R. 7.1(a) before filing a motion, precisely because they had already started working on their compliance with the Order; and (b) as the DOJ notes in its Opposition, some of Defendants' law firms have not only begun to comply but have already certified their completed compliance. ***Third***, Defendants' motion is not "designed to allow the civil court to opine on whether Defendants should

1

contravene the Protective Order and retain documents for use in the civil case," which the Government knew before filing their opposition from: (a) an email to DOJ on May 19 that said Defendants "will inform Judge Wood [in the parallel civil action] that we intend to comply with the Protective Order, absent further instruction from the court"; and (b) a draft joint filing circulated to DOJ in the civil action (unchanged in the final filing) that said "[a]bsent further order of [the Illinois court] or the Colorado court, DaVita and Thiry will proceed with this document destruction and certify same to the Government by June 20, 2022."

2. The Court should grant Defendants' motion for a reasonable 30-day extension. No party is injured by the granting the motion, and it preserves the parties' ability to inform fully the court in the parallel civil action.

Dated:  May 21, 2022                                   Respectfully submitted,

| | |
|---|---|
| Jeffrey E. Stone<br>Daniel Campbell<br>McDermott Will & Emery LLP<br>444 W Lake St.<br>Chicago, IL 60606<br>(312) 984-2064<br>jstone@mwe.com | /s/ *John F. Walsh III*<br>John F. Walsh III<br>Wilmer Cutler Pickering Hale & Dorr LLP<br>1225 17th Street, Suite 2600<br>Denver, CO 80220<br>(720) 274-3154<br>john.walsh@wilmerhale.com |
| Justin P. Murphy<br>McDermott Will & Emery LLP<br>500 North Capitol Street, NW<br>Washington, DC 20001-1531<br>(202) 756-8018<br>jmurphy@mwe.com | John C. Dodds<br>Morgan Lewis & Bockius LLP<br>1701 Market Street<br>Philadelphia, PA 19103-2921<br>(215) 963-4942<br>john.dodds@morganlewis.com |
| *Counsel for Defendant Kent Thiry* | *Counsel for Defendant DaVita Inc.* |