# EXHIBIT C

**Lieff Cabraser Heimann & Bernstein**
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
t 415.956.1000
f 415.956.1008

June 13, 2022

Dean Harvey
Partner
dharvey@lchb.com

**VIA EMAIL AND CERTIFIED MAIL**

Anthony Mariano
United States Department of Justice
450 5th Street NW, #4068
Washington, D.C. 20530
Anthony.mariano@usdoj.gov

   RE: *In re Outpatient Medical Center Employee Antitrust Litig.,*
      No. 1:21-cv-0030-ARW-SRH (N.D. Ill.)

Dear Anthony:

  Pursuant to Rule 45 of the Federal Rules of Civil Procedure, I hereby serve the attached subpoena requesting preservation of the documents detailed therein. Preservation instructions are also detailed in the attached subpoena.

  During our meet and confer on June 2, 2022, we discussed the documents subject to this subpoena that the DOJ has demanded Defendants DaVita Inc. and Mr. Thiry destroy, in connection with the Colorado Action. The DOJ's position is that these documents should only be available to Plaintiffs in this action through a "*Touhy* request," a process whereby the DOJ would make a unilateral determination of what Plaintiffs should and should not receive. This process has the potential to substantially prejudice Plaintiffs, compared to Plaintiffs' rights pursuant to a standard document request to Defendants Davita and Thiry, or pursuant to the attached Rule 45 subpoena. We disagree that this is the only—or preferable—discovery tool available. Indeed, as Judge Jackson recently explained: "If the parties to the civil case wish to obtain some or all of these materials, they presumably will have to use ordinary civil discovery procedure to obtain them from the Government in that case."

  As we discussed on June 2, there is a conflict between the preservation obligations that DaVita and Thiry have in our civil case, and the DOJ's demand that DaVita and Thiry destroy these documents, with a current deadline of June 20, 2022. We will file a motion to intervene in the Colorado Action and to extend that deadline, to preserve the status quo until Plaintiffs are confident that they will not be prejudiced by any potential document destruction.

  On June 2, you said the current discovery stay in the civil case would prevent even a discussion about what the DOJ will and will not produce. We disagree. If the Defendants

June 13, 2022
Page 2

in the Colorado Action are to destroy relevant evidence that the DOJ has provided to them, we must first be confident that: (1) there is complete identity between the documents that Defendants will destroy and the documents that the DOJ will preserve; and (2) that the DOJ will produce all of those documents to Plaintiffs at a time permitted by the Court in the civil action. These are preservation questions, and evidence preservation is exactly what the Court in the civil action has directed us to confirm.

These questions will take time to answer, yet the DOJ has inexplicably opposed even an extension of the deadline for Defendants to destroy relevant evidence. We are confused and disappointed by this stance. It will result in burdening the parties and two different courts with unnecessary motion practice, and it risks irreparable prejudice to Plaintiffs. At the same time, there does not appear to be any prejudice to anyone from maintaining the status quo until these critical preservation questions are resolved. Please reconsider. We are available to discuss further at your convenience.

Very truly yours,

Dean M. Harvey

Enclosures

2425719.1