# EXHIBIT B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of Illinois

| | |
|---|---|
| In re Outpatient Medical Center Employee Antitrust Litigation<br>*Plaintiff*<br>v.<br><br>*Defendant* | Civil Action No. 1:21-cv-00305-ARW-SRH |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: United States Department of Justice, attn: Anthony W. Mariano, Antitrust Division, Washington Criminal II Section, 450 5th Street NW, Washington, DC 20530

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please see the attached Schedule A, detailing your document preservation obligations in this matter. No documents are requested for production at this time, but please confirm preservation by the date below.

| Place: dharvey@lchb.com | Date and Time:<br>06/15/2022 12:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/13/2022

*CLERK OF COURT*

OR

_____     /s/ Dean M. Harvey
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs , who issues or requests this subpoena, are:

Dean M. Harvey, 28th Floor, 275 Battery Street, San Francisco, CA 94111; dharvey@lchb.com; 415-956-1000

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:21-cv-00305-ARW-SRH

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

# DEFINITIONS

1. "Agreement" means any oral or written contract, arrangement or understanding, whether formal or informal, between two or more persons, together with all modifications and amendments thereto.

2. "All" should be construed to include the collective as well as the singular, and means "each," "any," and "every."

3. "Co-Conspirators" include: Surgical Care Affiliates, LLC; SCAI Holdings, LLC; UnitedHealth Group; Andrew Hayek; United Surgical Partners Holding Company, Inc.; United Surgical Partners International, Inc.; Tenet Healthcare Corporation; DaVita, Inc.; Kent Thiry; and the true identities of the Doe defendants identified in Plaintiffs' Consolidated Amended Complaint.

4. "Communication" means oral or written communications of any kind, including without limitation, electronic communications, e-mails, facsimiles, telephone communications, correspondence, exchanges of written or recorded information, or face-to-face meetings.

5. "Competing Employer" means any entity that employs people to work in outpatient medical centers/ambulatory surgery centers, including the Defendants herein.

6. "Document" includes, without limitation, the original (or identical duplicate when the original is not available) and all non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notation, or highlighting of any kind) and drafts of all writings,

-1-

-2-

whether handwritten, typed, printed or otherwise produced, and includes, without limitation, letters, correspondence, memoranda, legal pleadings, notes, reports, agreements, calendars, diaries, travel or expense records, summaries, records, messages or logs of telephone calls, conversations or interviews, telegrams, instant messages, text messages (SMS or other), mailgrams, facsimile transmissions (including cover sheets and confirmations), electronic mail, minutes or records of meetings, compilations, notebooks, laboratory notebooks, work papers, books, pamphlets, brochures, circulars, manuals, instructions, sales, advertising or promotional literature or materials, ledgers, graphs, charts, blue prints, drawings, sketches, photographs, film and sound reproductions, tape recordings, or any other tangible materials on which there is any recording or writing of any sort. The term also includes the file, folder tabs, and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy of all documents requested herein.

7. "DOJ Indictments" means the indictments filed in *United States of America v. Surgical Care Affiliates, LLC, et al.*, No. 3-21-cr-0011-L, Dkt. 1 (N.D. Tex. Jan. 5, 2021) ("SCA Indictment" or "DOJ Texas Action") and *United States v. DaVita Inc., et al.*, No. 21-cr-00229- RBJ (D. Colo. July 14, 2021) ("DaVita Indictment" or "DOJ Colorado Action").

8. "DOJ Actions" means the investigations leading to or prosecutions resulting from the DOJ Indictments.

9. Electronically Stored Information ("ESI") includes, without limitation, the following:

    a. activity listings of electronic mail receipts and/or transmittals;

-3-

      b.    output resulting from the use of any software program, including without limitation, word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, Slack (or similar program) or bulletin board programs, operating systems, source code, PRF files, PRC files, batch files, ASCII files, and all miscellaneous media on which they reside and regardless of whether such electronic data exist in an active file, deleted file, or file fragment; and

      c.    any and all items stored on computer memories, hard disks, floppy disks, CD-ROM, magnetic tape, microfiche, or on any other vehicle for digital data storage and/or transmittal, including without limitation, cloud storage systems, a personal digital assistant, such as an iPhone, Palm Pilot, Blackberry, Treo or other device.

10.    "Including" is used to illustrate a Request with particular types of documents requested, and should not be construed as limiting the Request in any way.

11.    "Meeting" means, without limitation, any assembly, encounter, or contemporaneous presence (whether in person or via any electronic computer-assisted, digital, analog, or telephonic method of communication) of two or more persons for any purpose, whether planned, arranged, scheduled or not.

12.    "Or" should be construed to require the broadest possible response, and should be read as "and/or."

13.    "Person" includes, without limitation, any natural person, corporation, partnership, government entity, and any other form of legal or business entity.

14.    "Relating to," "referring to," "regarding," or "with respect to" mean, without limitation, discussing, describing, reflecting, dealing with, pertaining to, analyzing,

evaluating, estimating, constituting, concerning, containing, mentioning, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

15. "You" or "your" means the Department of Justice.

16. "Defendant" means any defendant in the DOJ Colorado Action, including DaVita, Inc. and Kent Thiry.

## INSTRUCTIONS

1. The instructions set forth in Rules 26 (to the extent applicable) and 45 of the Federal Rules of Civil Procedure are incorporated herein by reference.

2. You are directed to preserve documents referenced in the following Requests to Preserve Documents.

3. In preserving documents, you are to preserve all documents or things in the DOJ's possession, custody, or control.

4. All documents shall be preserved in the same order as they are kept or maintained by you in the ordinary course of your business. All documents, other than electronically stored information, shall be preserved in the file folder, envelope or other container in which the documents are kept or maintained. If for any reason the container cannot be preserved, you should preserve copies of all labels or other identifying marks that may be present on the container.

5. If a document was prepared in several copies, or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation,

handwritten notations on the front or back of the document, all such non-identical copies shall be preserved.

6. Documents shall be preserved in such fashion as to identify the department, branch, or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).

7. All electronically stored information should be produced as set forth in the ESI Protocol attached.

8. Documents attached to one another should not be separated. Each document requested should be preserved in its entirety and without deletion, redaction or excisions, regardless of whether you consider the entire document or only part of it to be relevant or responsive to these document preservation requests.

9. These requests are directed to you. The preservation of a document by another person does not relieve you from the obligation to preserve your own copy of the document, even if the two documents are otherwise identical.

10. The "Relevant Time Period" applicable to these Requests is (1) January 1, 2007 to the present for documents, unless specifically stated otherwise in the request; and (2) January 1, 2005 to the present for data, unless specifically stated otherwise in the request. Each request shall be interpreted to include all documents that relate to the Relevant Time Period, even if such documents were prepared or published outside of the Relevant Time Period. If a document prepared before this period is necessary for a correct or complete understanding of any document covered by a request, you must produce the earlier document as well. If any document is undated and the date of its preparation cannot be determined, the document shall be preserved if it is otherwise responsive to the request.

-6-

11. These requests to preserve documents are continuing and therefore require you (or any person acting on your behalf) to preserve documents responsive to these requests.

## DOCUMENTS REQUESTED TO BE PRESERVED

1. All documentary or demonstrative evidence admitted or marked as exhibits in the DOJ Colorado Action.

2. All exhibit lists in the DOJ Colorado Action.

3. All documentary or demonstrative exhibits set forth on the exhibit lists requested by Request No. 2 herein.

4. All documents or other material that You produced to a Defendant as part of or in connection with the DOJ Colorado Action.