IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-0229-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1. DAVITA INC.,
2. KENT THIRY,

        Defendants.

---

**DEFENDANTS' JOINT RESPONSE TO
ILLINOIS CASE PLAINTIFFS' MOTION TO INTERVENE**

---

DaVita Inc. ("DaVita") and Kent Thiry ("Thiry") submit this response to the Illinois Case[1] Plaintiffs' ("Illinois Plaintiffs") Motion to Intervene ("Motion") in this case (Dkt. Nos. 277, 278). While Illinois Plaintiffs correctly state that DaVita and Thiry take no position on the pending Motion, Illinois Plaintiffs failed to mention (despite DaVita and Thiry making Illinois Plaintiffs aware in writing on several occasions) that DaVita and Thiry fully intend to comply with this Court's current deadline of June 20, 2022, to destroy the documents at issue subject to the Protective Order (Dkt. No. 34). DaVita and Thiry offer the following three points for the Court's consideration in ruling on Illinois Plaintiffs' motion:

---

[1] The case currently pending in the District Court for the Northern District of Illinois is captioned *In re Outpatient Medical Center Employee Antitrust Litigation*, No. 1:21-cv-00305 ("Illinois Case").

1

1.      ***First***, DaVita and Thiry have made and continue to make substantial efforts to comply with this Court's Protective Order, and fully intend to comply with the Court-ordered deadline to certify compliance by June 20, 2022, unless otherwise ordered.

2.      ***Second***, Illinois Plaintiffs have sat on their rights, fully able to access this Court's Protective Order since it was entered on August 20, 2021 (Dkt. No. 34). Illinois Plaintiffs have been closely following this case—upon which the Illinois Case is largely based—since its inception and therefore can hardly claim to be surprised by DaVita and Thiry's Protective Order obligations.

3.      More recently, Illinois Plaintiffs heard directly from DaVita, Thiry, and the United States concerning the document destruction obligations of the Protective Order during the parties' meet-and-confer discussions for a joint status report filed on May 20, 2022, and in a supplement to the joint status report filed by DaVita and Thiry on May 27, 2022 (Illinois Case Dkt. Nos. 137, 138). Both documents stated the Government would preserve the documents at issue so that DaVita and Thiry could proceed with their Protective Order obligations. (*See*, *e.g.*, Illinois Case Dkt. No. 137 at 21, Dkt. No. 138 at 2.) Undeterred, Illinois Plaintiffs sent DaVita and Thiry a letter on May 25, 2022, insisting that they "preserve and refrain from destroying all materials" in this case, including specifically all "Confidential Information"—an action that would plainly violate this Court's Protective Order (Illinois Case Dkt No. 138, Ex. B).

4.      On June 1, 2022, the Illinois court cautioned Illinois Plaintiffs during a telephone status hearing that there is a "firm deadline now by which [DaVita and Thiry] have to carry out the requirements of the [P]rotective [O]rder" and that "the time for [Illinois Plaintiffs] to seek some relief from that [O]rder would seem to be running fairly quickly at this point." (Illinois Case Dkt.

No. 140, Tr. of Hr'g on June 1, 2022, at 31.)  Illinois Plaintiffs acknowledged "loud and clear that the time is nigh for us to do something about it," and that they are "prepared to move quickly to address this," and "[i]f it's ultimately the case that [they] have to go to Colorado and seek modification of the [P]rotective [O]rder there, [Illinois Plaintiffs' counsel is] prepared to do that . . . ."  (*Id.* at 31-32.)  At the same status hearing, the United States reassured Illinois Plaintiffs *again* that its "files are not going to be destroyed" because it has "repeatedly committed to retain these documents so that if there are requests that come to the United States, we'll be able to review and assess them at that time."  (*Id.* at 34.)  As a result, the Illinois court stated that it was "not going to issue any further order regarding the issue of whether or not [DaVita and Thiry] . . . have any obligation to retain documents that they would otherwise be required to destroy pursuant to the Colorado court's order," but invited the parties to file a motion if they came to believe they needed such relief."  (*Id.* at 35-36.)  Illinois Plaintiffs took no action at all for another week.

5. Then, in the evening on June 8, 2022, Illinois Plaintiffs served document requests on DaVita and Thiry, seeking the precise materials that were the subject of the document destruction obligations.  On June 9, 2022, DaVita's counsel spoke by phone with Illinois Plaintiffs' counsel, calling out Illinois Plaintiffs' June 8 document requests and asking about Illinois Plaintiffs' intentions to seek relief from this Court's Protective Order.  Illinois Plaintiffs stated that they were still considering their options and acknowledged the June 20 deadline.  On June 10, 2022, DaVita's counsel again reached out to Illinois Plaintiffs' counsel by phone and via email to meet and confer on the Protective Order, but Illinois Plaintiffs continued to insist that DaVita and Thiry preserve the documents, despite this Court's directive to destroy the documents and despite the United States' express and repeated commitments to preserve the documents at issue.

3

6. In light of Illinois Plaintiffs' insistence that DaVita and Thiry violate this Court's Protective Order, DaVita and Thiry's refusal to do so, and the limited time before June 20 within which to comply with the Order combined with Illinois Plaintiffs' inaction to seek relief in this Court (until today), DaVita and Thiry were forced to seek relief from the Illinois court. On June 10, 2022, DaVita and Thiry filed a motion in the Illinois Case so that they would be protected from penalty for complying with this Court's document destruction requirements and asking for an order directing the United States to preserve the documents at issue (Illinois Case Dkt. No. 141). Illinois Plaintiffs continue to take their time in the Illinois Case, refusing to provide DaVita and Thiry availability for a hearing on their motion, and stating they "anticipate" filing an opposition to that motion by June 14, 2022.

7. ***Third***, DaVita and Thiry have been working diligently towards complying with the June 20 deadline. Illinois Plaintiffs' actions seek to undermine DaVita and Thiry's timely compliance with the Protective Order. As previously stated (*see* Dkt. No. 271 at 2-3), deleting the millions of pages of Confidential Information takes time—it ***cannot*** be completed in an instant with the click of a button—and Illinois Plaintiffs' latest tactics and delay in this Court and in the Illinois Case threaten DaVita and Thiry's ability to certify that it has completed its destruction by June 20.[2] Notwithstanding, DaVita and Thiry fully intend, and will continue working, to comply with the Court's Protective Order by the June 20 deadline unless otherwise ordered.

---

[2] In particular, DaVita's principal vendor hosting this information might not be able to complete the destruction so that DaVita can certify by June 20, 2022.

Dated:  June 13, 2022

Jeffrey E. Stone
Daniel Campbell
McDermott Will & Emery LLP
444 W Lake St.
Chicago, IL 60606
(312) 984-2064
jstone@mwe.com

Justin P. Murphy
McDermott Will & Emery LLP
500 North Capitol Street, NW
Washington, DC 20001-1531
(202) 756-8018
jmurphy@mwe.com

*Counsel for Defendant Kent Thiry*

Respectfully submitted,

/s/ *John F. Walsh, III*
John F. Walsh, III
Wilmer Cutler Pickering Hale & Dorr LLP
1225 17th Street, Suite 2600
Denver, CO 80220
(720) 274-3154
john.walsh@wilmerhale.com

John C. Dodds
Morgan Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-4942
john.dodds@morganlewis.com

*Counsel for Defendant DaVita Inc.*

5

## CERTIFICATE OF SERVICE

      I certify that on June 13, 2022, I filed the above document with the Clerk of the Court using CM/ECF, which will send electronic notification thereof to all registered counsel.

                                      */s/ John F. Walsh, III*
                                      John F. Walsh, III