```
                  IN THE UNITED STATES DISTRICT COURT

                      FOR THE DISTRICT OF COLORADO

Criminal Action No. 21-CR-00229-RBJ


 UNITED STATES OF AMERICA,
                                                    (Pages 1701 - 1716)
         Plaintiff,

         vs.

 DAVITA, INC., and KENT THIRY,

         Defendants.
------------------------------------------------------------------

                           REPORTER'S TRANSCRIPT
                            Jury Trial - Day 9

------------------------------------------------------------------

         Proceedings before the HONORABLE R. BROOKE JACKSON,
Senior Judge, United States District Court for the District of
Colorado, commencing on the 14th day of April, 2022, in
Courtroom A902, United States Courthouse, Denver, Colorado.

                              APPEARANCES

For the Plaintiff:
MEGAN S. LEWIS and WILLIAM J. VIGEN and SARA M. CLINGAN and
ANTHONY W. MARIANO and TERENCE A. PARKER, U.S. Department of
Justice, 450 5th Street N.W., Washington, D.C. 20530

For the Defendants:
JOHN C. DODDS and J. CLAYTON EVERETT, Morgan Lewis & Bockius,
LLP, 1701 Market St., Philadelphia, PA 19103

JOHN F. WALSH, III, WilmerHale, LLP, 1225 17th St., Ste. 2600,
Denver, CO 80220

THOMAS MELSHEIMER, Winston & Strawn, LLP, 2121 North Pearl
Street, 9th Floor, Dallas, TX 75201



    Sarah K. Mitchell, RPR, CRR, 901 19th Street, Room A252,
                Denver, CO 80294, 303-335-2108
         Proceedings reported by mechanical stenography;
              transcription produced via computer.
```

```
 1                     APPEARANCES (Cont'd)

 2   For the Defendants:
     JUANITA R. BROOKS, Fish & Richardson, 12860 El Camino Real,
 3   Ste. 400, San Diego, CA 92130

 4   JEFFREY STONE, McDermott Will & Emery, LLP, 444 West Lake
     Street, Ste. 4000, Chicago, IL 60606
 5
                     *     *     *     *     *
 6
```

21-CR-00229-RBJ      Jury Trial - Day 9      04/14/2022      1703

1              *         *         *         *         *

2         (The proceedings commenced at 2:20 p.m.)

3              THE COURT:  We've got a big house for a small
4    question.  The jury has, as you know, sent out a question.
5    The question is, Can we have a definition of, quote,
6    meaningful competition?  Just as a reminder, the term
7    meaningful competition is one that I believe both sides wanted
8    to use, and that was included twice in Instruction 15.

9              In the first sentence that contains that term the
10   instruction states, The Government contends that the companies
11   through their respective Chief Executive Officers, Kent Thiry
12   and Andrew Hayek, entered into agreements and understandings
13   with the purpose of unlawfully allocating the market by ending
14   meaningful competition between the two companies for their
15   senior-level employees.

16             And later in the same instruction it says, However,
17   you may not find that a conspiracy to allocate the market for
18   the employees existed unless you find that the alleged
19   agreements and understandings sought to end meaningful
20   competition for the services of the affected employees.

21             Before I go any further I will ask the parties in
22   turn what their position is on the answer to the question from
23   the jury, starting with the Government.

24             MS. LEWIS:  Thank you, Your Honor.  Our view is that
25   there should be a simple and straightforward explanation of

21-CR-00229-RBJ      Jury Trial - Day 9     04/14/2022    1704

1   what meaningful means, and we think that that should be to the
2   effect of meaningful means some significant avenue of
3   competition.  And we think that's consistent with the case law
4   and Your Honor's rulings which indicate that it does not need
5   to suppress all competition or end all competition, so we
6   think a clear instruction to the jurors just stating that it
7   means some significant avenue of competition would be
8   appropriate.
9           THE COURT:  And do you have any case that defines the
10  term that way?
11          MS. LEWIS:  Your Honor, there's no case, but I think
12  that is consistent with the dictionary definition of what
13  meaningful means, some significant avenue.  I do have cases
14  for you that certainly stand for the proposition that all
15  competition need not have been ended.  I think that was
16  reflected in Your Honor's ruling as well.  Certainly the
17  *Cadillac Supply Company* case out of the Fifth Circuit,
18  *Co-Operative Theaters* out of the Sixth Circuit, *Blackburn vs.*
19  *Sweeney* out of the Seventh Circuit were some avenues.
20          THE COURT:  In other words, the answer to my question
21  was no.
22          MS. LEWIS:  On the precise definition, no.  But *Bogan*
23  *vs. Hodgkins,* which uses the term meaningful, does not define
24  that term.  I would note that in *Bogan* that is a private
25  plaintiff action anti-trust case in which they also needed to

                    Sarah K. Mitchell, RPR, CRR

21-CR-00229-RBJ    Jury Trial - Day 9    04/14/2022    1705

1    show injury, so we don't think it's quite on all fours.
2             THE COURT:  Defendant, Mr. Walsh?
3             MR. WALSH:  Your Honor, the Court made clear in its
4    comments yesterday that it specifically saw this issue as a
5    factual one for the jury to be deciding.  Given that, we have
6    conferred, and we think that the appropriate response to the
7    jury is that it's for you to decide based on the evidence and
8    the instructions that I've given you is all.
9             THE COURT:  All right.  Well, that's not going to
10   work.
11            MR. WALSH:  Your Honor --
12            THE COURT:  What's option B?
13            MR. WALSH:  Well, Your Honor, there are two things I
14   wanted to point out to you, and I think the context in which
15   meaningful competition appears in Instruction 15 is important.
16   The first place where it's used where it says with the purpose
17   of unlawfully allocating the market by ending meaningful
18   competition between the two companies for their senior-level
19   employees, then you go on in the instruction to say there are
20   other companies in the healthcare industry, that they can
21   potentially hire those same senior-level employees, but that's
22   not the market that's the subject of the case.
23            And in the second -- the second section where the
24   term meaningful competition is used the sentence is preceded
25   by, You may find that a conspiracy to allocate the market for

Sarah K. Mitchell, RPR, CRR

21-CR-00229-RBJ    Jury Trial - Day 9    04/14/2022    1706

1   employees existed even if you find that employees switching
2   employers was possible and actually happened in some cases.
3   That context I think is important because I think it actually
4   encompasses the Court's ruling on jury instructions on
5   March 25th pretty comprehensively, and that's why we come back
6   to you with this suggestion.
7           THE COURT: So you're not going to give me a
8   definition. How about counsel for Mr. Thiry?
9           MR. MELSHEIMER: Can I be heard, Your Honor, briefly?
10  Sorry. You're not an easy man to talk out of something, so I
11  acknowledge that, but you worked really hard on these
12  instructions with both sides. They're struggling with -- this
13  is no surprise this is the question, right? I mean --
14          THE COURT: It's not at all. It's a very good
15  question.
16          MR. MELSHEIMER: This is what the whole case is
17  about. That's what people spent hours yesterday arguing.
18          THE COURT: That's why it's so important that we give
19  them what help we can.
20          MR. MELSHEIMER: That's right, but we have to be
21  careful in doing that not to upset the framework that the
22  Court had laid out with its instructions.
23          THE COURT: Mr. Melsheimer, what's your definition?
24          MR. MELSHEIMER: Well, if you're -- so, Your Honor, I
25  would say this. If you're going to ask us for a definition --

                    Sarah K. Mitchell, RPR, CRR

21-CR-00229-RBJ    Jury Trial - Day 9    04/14/2022    1707

1  we were presuming you would come out with a proposal, and we
2  would react to it.
3          THE COURT:  I've got one.
4          MR. MELSHEIMER:  Okay.  Well --
5          THE COURT:  I've got three.  But I'm giving you a
6  chance to speak before you are influenced by my original
7  thinking, because I like to get other people's views.
8          MR. MELSHEIMER:  Understood, Your Honor.  I think our
9  view would be that we would love to hear the Court -- so we're
10 -- our suggestion is our suggestion.  We'd love to hear the
11 Court's suggestion.
12         THE COURT:  All right.  Gavri, give them the sheet,
13 please.
14         And you will see that I have three options there.
15 What I did there is first I gave some dictionary definitions
16 of the term meaningful and some dictionary definitions of the
17 antonym of meaningful.  I then quoted the two places in the
18 instruction where the term is used, and then I provided three
19 options for your consideration as to how we can answer the
20 question.  I should tell you my trusty law clerks favor one of
21 the three, but I'm not going to tell you just yet which one.
22 But they didn't draft it.  I did.
23         MR. MELSHEIMER:  So, Your Honor, might it be
24 appropriate -- can we step out in the witness room for no more
25 than three minutes to talk about this?

                        Sarah K. Mitchell, RPR, CRR

```
21-CR-00229-RBJ    Jury Trial - Day 9    04/14/2022    1708
```

 1            THE COURT:  Sure.  Absolutely.  You can even take a
 2   private vote.
 3            MR. MELSHEIMER:  You remember my joke, Your Honor?
 4            MR. DODDS:  You don't want that, Judge.
 5            MR. MELSHEIMER:  Two lawyers, three opinions.
 6            MS. LEWIS:  Your Honor, if we may also retire for
 7   three minutes to be in recess?
 8            THE COURT:  Sure.
 9            MS. LEWIS:  Thank you.
10            MR. MELSHEIMER:  The idea is catching on.
11            THE COURT:  Maybe after you retire separately you
12   might consider conferring and seeing if perhaps as a surprise
13   you can come to an agreement.
14            MS. LEWIS:  We'll do our best.
15            THE COURT:  Let me know when the conferring
16   combatants return.
17            THE COURTROOM DEPUTY:  Court is in recess.
18       (Break was taken from 2:29 p.m. to 2:42 p.m.)
19            THE COURT:  What did you come up with?
20            MS. LEWIS:  Your Honor, it's no surprise we didn't
21   quite reach agreement on this, but I think from our
22   perspective we are clearly I think on the same mindset where
23   some sort of dictionary definition is helpful for the jurors.
24   I think our view is that the second option of those three sort
25   of tail-ending ones would be the most appropriate.  Certainly

                            Sarah K. Mitchell, RPR, CRR

21-CR-00229-RBJ    Jury Trial - Day 9    04/14/2022    1709

1  is the simplest, just tells them what significant competition
2  is.  We do think our proposal to include some significant
3  avenue would be accurate and consistent with the case law, but
4  we certainly believe that the second option of those three
5  would be the most straightforward, and I think one and three
6  may be a little inconsistent with some of the other --
7          THE COURT:  What does significant avenue mean?  I
8  don't even know what the word avenue means.
9          MS. LEWIS:  And, Your Honor, I think it's just sort
10 of encompassing the concept that it need not be all
11 competition, which I think, again, is evident in Your Honor's
12 ruling noting that it can be for a small subset of customers,
13 subset of employers.  It doesn't have to be all competition.
14 There can be competition for new business --
15         THE COURT:  That's what it means to you.  That's a
16 legalistic term in that context.  What are these people going
17 to think we're talking about when we say some significant
18 avenue?  An avenue is like a street.
19         MS. LEWIS:  A forum.  I'm not wedded to the word
20 avenue, but I think something that captures that.  But like I
21 said, Your Honor, I think we would be happy and think it's
22 appropriate to give that second instruction.  And in our
23 conferring with Mr. Walsh, while I understand he's going to
24 advocate for something different, but I think he indicated
25 that they would live with that if that's where Your Honor ends

                    Sarah K. Mitchell, RPR, CRR

21-CR-00229-RBJ    Jury Trial - Day 9    04/14/2022    1710

1  up.

2          MR. WALSH:  Your Honor, we actually think that on
3  balance simply saying meaningful means significant doesn't
4  really accomplish what the Court's trying to do which is to
5  provide actual guidance to the jury.  They're going to say,
6  Well, that's not helpful.  That was the concern we had with
7  that, or at least it's not much.

8          So what we would suggest is the third of the three
9  options, and with the following friendly amendment, which is
10 to say, In that context, to end meaningful competition means
11 to end competition that is of significant consequence to the
12 company, just to marry it up to the immediately prior
13 description of the instruction.

14         The one other suggestion we had, Your Honor, was that
15 as we were back there trying to figure out what we thought of
16 these, the synonyms we thought were helpful, but the antonyms
17 were forcing all of us to think, okay, that's a double
18 negative and back and forth and actually was confusing even to
19 us, and so we would suggest that the antonym section be taken
20 out.

21         THE COURT:  And you disagree with that?

22         MS. LEWIS:  We think that the antonyms are helpful to
23 the jurors, and, again, I think giving them what Your Honor
24 has put forward here as the dictionary definition of synonyms
25 and antonyms is the appropriate way to guide them through what

                    Sarah K. Mitchell, RPR, CRR

21-CR-00229-RBJ    Jury Trial - Day 9    04/14/2022    1711

1  that term means, and, again, I think simplest is probably best
2  in terms of the second option there.  I think the third option
3  that Mr. Walsh indicated I think is both inconsistent with
4  Jury Instruction Number 16 that says it's immaterial whether
5  it is good for the company, and I think it's also not quite
6  accurate to capture the consequence to the company rather than
7  the consequence of this impact of competition on the
8  employees.
9         THE COURT:  What about his suggestion that you use
10 the context to end meaningful competition?  I don't know why
11 you even used to end.  I did, actually, but I think it was one
12 of your language.
13        MS. LEWIS:  And, Your Honor, we don't believe that
14 ending is sort of the appropriate way to think about it, again
15 for the reasons I won't repeat, but I think the indictment
16 charged to suppress meaningful competition.  That's the
17 language we see repeatedly in the case law, and so I think
18 that, again, indicating that it need not be all competition
19 that is suppressed.
20        MR. MELSHEIMER:  So, Your Honor, can I -- am I
21 distracting you?  Any more than I have the whole trial?
22        THE COURT:  No, Mr. Melsheimer.
23        MR. MELSHEIMER:  So I think we tell them what it
24 means and not what it doesn't mean, so that's why leave out
25 the antonyms.  Not everyone knows what an antonym is, so I'll

Sarah K. Mitchell, RPR, CRR

21-CR-00229-RBJ    Jury Trial - Day 9    04/14/2022    1712

1  just give you that.  And then I think it's very appropriate to
2  marry it to Your Honor's instructions.  To end -- that's what
3  we're talking about.  It's not just in the abstract.  We're
4  talking about something being ended.  We're defining what has
5  to be ended, and I think that's -- that's what our suggestion
6  is designed to accomplish.
7          THE COURT:  Okay.  And what is your objection to the
8  third one?
9          MS. LEWIS:  Yes, Your Honor.  So the objection to the
10 third one is that I think it is, number one, not appropriate
11 and not consistent with the canon of Sherman Act case law to
12 focus the analysis on the consequence to the company because
13 the competition is affecting employees.  It's not necessarily
14 the impact on the company that is the aim and the goal of the
15 Sherman Act to protect the competition.  So we don't think
16 that's the right way to think about it and the right metric
17 that it should be judged by.
18          I think, again, that's consistent with the fact that
19 as reflected in Jury Instruction Number 16 it is immaterial
20 whether or not this was good for the company or not good for
21 the company, so we think that's the wrong way to think about
22 that.  And cases do not look at the effect on coconspirators
23 when you're talking about Sherman Act competition.
24          MR. WALSH:  Your Honor, our view is that language
25 actually marries up with the existing language talking about

Sarah K. Mitchell, RPR, CRR

21-CR-00229-RBJ    Jury Trial - Day 9    04/14/2022    1713

1  ending meaningful competition between the two companies and is
2  appropriate for that reason.
3              THE COURT:  Sometimes when you debate these things to
4  the end you'll end up with whatever the Court does, and it may
5  not make you happy.
6              MS. LEWIS:  And if I may suggest then, Your Honor,
7  perhaps if both sides are agreeing with number two, or at
8  least begrudgingly accepting number two perhaps by Mr. Walsh,
9  I think perhaps option number two may be the simplest, most
10 straightforward, fewest words just to get the point across.
11             MR. WALSH:  Your Honor, our concern there is that
12 it's not giving what the Court has indicated it wants which is
13 giving actual guidance to the jury.
14             THE COURT:  What if we said, In that context, quote,
15 to end significant competition -- to end meaningful
16 competition -- competition -- means to end significant
17 competition, not necessarily all competition.
18             MS. LEWIS:  That would be acceptable to us, Your
19 Honor.
20             THE COURT:  This time it's the defendant that I
21 thought would jump all over it and like it.
22             MR. WALSH:  Your Honor, give us just one second.  We
23 have multiple --
24             THE COURT:  How about you, Ms. Brooks?  You've been
25 quiet.  Do you have an opinion?

                        Sarah K. Mitchell, RPR, CRR

21-CR-00229-RBJ    Jury Trial - Day 9    04/14/2022    1714

1            MS. BROOKS:  I do have an opinion, Your Honor.
2            THE COURT:  What is it?
3            MS. BROOKS:  I think -- and I haven't consulted with
4    anyone on this side of the room or that side of the room.  So
5    my personal opinion is if Your Honor is inclined to do that,
6    it would be better to just go with number two, which
7    apparently the Government is already inclined to go with, but
8    simply putting the words to end before each of them rather
9    than adding the phrase at the end.
10           THE COURT:  What about the phrase not necessarily all
11   competition?  I thought you folks would like that part.  But
12   if you can't make up your minds --
13           MR. DODDS:  I'm sorry, Your Honor.  Can you read the
14   language again, the language you're suggesting?
15           THE COURT:  Well, if I did it Ms. Brooks' way and not
16   put in the to end part -- although that was the other
17   defendant's way, right?
18           MS. BROOKS:  No, I'm sorry.  We want it, but then it
19   would be tacked on to number two.
20           THE COURT:  So I said to end meaningful competition
21   means to end significant competition, not necessarily all
22   competition.  Or I could simply say meaningful competition
23   means significant competition, not necessarily all
24   competition.
25           MS. LEWIS:  And we would be fine with that, Your

                        Sarah K. Mitchell, RPR, CRR

21-CR-00229-RBJ    Jury Trial - Day 9    04/14/2022    1715

1  Honor.

2              MR. WALSH:  Your Honor, I guess what we would come
3  back to, if the Court's headed that direction, to simply say
4  in that context to end meaningful competition means to end
5  significant competition and leave --

6              THE COURT:  You don't want the not necessarily all
7  competition?

8              MR. WALSH:  Not at this point, Your Honor, no.

9              THE COURT:  I'm really surprised that you're saying
10 that, and I'm a little bit surprised that the Government is
11 okay with it, but I've been surprised by lots in this case.
12 If we say meaningful competition means significant
13 competition, those very smart jurors are going to wonder why
14 did it take you so long.

15             MR. WALSH:  That's exactly right, Your Honor.

16             THE COURT:  And I take it you like significant better
17 than important or consequential or substantial or material,
18 because there are all kinds of them.

19             MS. LEWIS:  Understood, Your Honor.  We think
20 significant is an appropriate dictionary way to describe the
21 word, but we do think that the qualifier is important.

22             THE COURT:  Last chance, is there a definition that
23 both sides agree to?  And if not, I'll use whatever I decide.

24             MR. WALSH:  Your Honor, I think we are willing to
25 compromise to the position that the Government started out

                          Sarah K. Mitchell, RPR, CRR

21-CR-00229-RBJ    Jury Trial - Day 9    04/14/2022    1716

1  with, which was the second of the three choices and simply
2  inserting the words to end in that context, to end meaningful
3  competition means to end significant competition.
4              MS. LEWIS:  Your Honor, if they would like to insert
5  the word to end, we think it's important to add the qualifier
6  which Your Honor suggested which is that means not all
7  competition.
8              THE COURT:  You folks get what you deserve.
9              MS. LEWIS:  Thank you, Your Honor.
10             MR. WALSH:  Thank you, Your Honor.
11      (Break was taken from 2:54 p.m. to 3:04 p.m.)
12             THE COURT:  I've changed it.  I'm giving you one last
13 chance to object.  Government?
14             MS. LEWIS:  No objections, Your Honor.
15             THE COURT:  Defendant?
16             MR. WALSH:  No objection.
17             THE COURT:  We'll get you a copy.
18             MS. LEWIS:  Thank you, Your Honor.
19      (Recess was taken at 3:06 p.m.)
20
21
22
23
24
25

                        Sarah K. Mitchell, RPR, CRR

## REPORTER'S CERTIFICATE

I, SARAH K. MITCHELL, Official Court Reporter for the United States District Court for the District of Colorado, a Registered Professional Reporter and Certified Realtime Reporter, do hereby certify that I reported by machine shorthand the proceedings contained herein at the time and place aforementioned and that the foregoing pages constitute a full, true and correct transcript.

Dated this 21st day of June, 2022.

/s/ Sarah K. Mitchell

SARAH K. MITCHELL
Official Court Reporter
Registered Professional Reporter
Certified Realtime Reporter

Sarah K. Mitchell, RPR, CRR